P. J. TEBERG v. N. P. SWENSON & SON.

1. BILL OF PARTICULARS, *No Error in Amending.* The plaintiff commenced an action before a justice of the peace, and in his bill of particulars alleged in substance that he gave two promissory notes to the defendant, which were in fact accommodation notes, and that the plaintiff, after maturity, paid the notes to a third person, to whom they had been assigned; and the plaintiff gave copies of the notes with all the indorsements thereon as exhibits to his bill of particulars, which exhibits in fact showed that the notes were given by the defendant to J. E. Hayner & Co., and that the plaintiff had simply guaranteed their collection. Afterward the plaintiff, with leave of the court, amended his bill of particulars so as to show that the notes had been given by the defendant to J. E. Hayner & Co., and that the plaintiff guaranteed their collection, and that afterward J. E. Hayner & Co. obtained a judgment thereon against the defendant, and that afterward the plaintiff paid to J. E. Hayner & Co. the amount then due them, and that J. E. Hayner & Co. delivered the notes to the plaintiff and assigned the judgment to him. *Held,* That the supreme court cannot say that the court below erred or abused its discretion in permitting the plaintiff to so amend his bill of particulars.

2. WRITTEN GUARANTY; *Payment by Guarantor; Recovery.* While, as a general rule, the law does not allow one person to make himself the creditor of another by volunteering to discharge such other's personal obligation, yet as the plaintiff in the present case did not volunteer to discharge the defendant's obligation, but paid the same solely because he was bound to do so under his written guaranty, and as he at the same

time took a written assignment of the defendant's obligation from the defendant's creditor, the plaintiff may recover on such obligation, although the written guaranty was given and the debt paid and the assignment made without the consent or knowledge of the defendant.

### *Error from McPherson District Court.*

ACTION by *Swenson & Son* against *Teberg*, on two promissory notes. April 28, 1883, judgment for plaintiffs for $208.81. The defendant brings the case to this court. The material facts are stated in the opinion.

*Barker & Pancoast,* and *A. L. Doss,* for plaintiff in error.

*John McPhail,* and *Frank G. White,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally by N. P. Swenson and John A. Swenson, copartners as N. P. Swenson & Son, against P. J. Teberg, before a justice of the peace of Smoky Hill township, McPherson county, on two promissory notes. The plaintiffs, in their bill of particulars, alleged in substance that the two promissory notes were accommodation notes, given to the defendant, without any consideration to the plaintiffs, at his request and upon his promise to pay the same at maturity; that he afterward negotiated the notes for value, but failed to pay the same at maturity in full; that the plaintiffs, after maturity, paid the balance due thereon; and that the amount so paid by the plaintiffs was still due from the defendant and unpaid at the commencement of this action; and the plaintiffs asked judgment against the defendant for that amount. The above-mentioned notes were attached to and filed with the plaintiffs' bill of particulars, and made exhibits thereto. These exhibits show that the notes were each given by the defendant, Teberg, to J. E. Hayner & Co., and the collection thereof guaranteed by a written guaranty indorsed on the back of each note, reading as follows:

"In accordance with the terms of my (or our) agency agreement with J. E. Hayner & Co., for value received, I (or

15—32 KAS.

we) hereby guarantee the collection of the within note to them or their order, and hereby waive notice and protest.

N. P. SWENSON & SON."

The plaintiffs recovered judgment in the justice's court, and the defendant appealed to the district court. In the district court the plaintiffs asked leave to amend their bill of particulars, and the defendant objected until the nature of the amendment should first be ascertained; whereupon counsel for plaintiffs made an oral statement with regard to the amendment, and the court overruled the defendant's objection and gave leave to the plaintiffs to amend their bill of particulars. Afterward the plaintiffs filed an amended bill of particulars, setting forth in substance that the defendant executed each of said notes to J. E. Hayner & Co., and that the plaintiffs, at the request of the defendant, guaranteed the collection thereof; that the defendant failed to pay the same in full at maturity, and that afterward J. E. Hayner & Co. sued the defendant and recovered a judgment against him for the balance due on the notes; that the defendant failing and refusing to pay the same, the plaintiffs paid the balance due on said notes, to wit, $197.50, and J. E. Hayner & Co. delivered the notes to the plaintiffs and assigned to them the judgment against the defendant; that such judgment still remains wholly unpaid, and that the defendant still fails and refuses to pay the plaintiffs any amount on said notes or judgment. Copies of the notes were again given by the plaintiffs, and also a copy of the judgment above mentioned, and also a copy of the written assignment of the judgment by J. E. Hayner & Co. to the plaintiffs, N. P. Swenson & Son. The defendant moved to strike this bill of particulars from the files of the court, which motion was overruled. Afterward the plaintiffs, with leave of the court but over the objections of the defendant, filed a second amended bill of particulars, stating in full detail all that they had previously stated in their first amended bill of particulars, and also stating some additional facts. The defendant answered by filing a general denial, verified by affidavit. A trial was had before the court without a jury. The evidence on the trial

showed among other things that the notes in question were given by the defendant to J. E. Hayner & Co., on March 6 and August 2, 1879, respectively, for farming implements, purchased through the plaintiffs, who were at the time the agents of Hayner & Co. for the sale of such implements; but it does not appear that the fact of their agency was in fact known to the defendant at the time of his purchase of the implements. Upon the pleadings and evidence the court made the following findings, to wit:

"1. That all of the allegations and statements made and set forth in plaintiffs' second and last amended bill of particulars are true.

"2. That the said defendant never asked or in anywise requested the plaintiffs, or either of them, to indorse or guarantee the collection of, or in anywise become responsible to the payees for, the payment of the notes sued on, marked Exhibits A and B in plaintiffs' original bill of particulars.

"3. That the defendant never asked the plaintiffs, or either of them, to pay said notes.

"4. That the defendant did not know until after this action was commenced that the plaintiffs had guaranteed the collection of the notes sued on.

"5. That the defendant did not know until the trial of this case that the plaintiffs had a contract with J. E. Hayner & Co. to guarantee the collections of, or in anywise become surety on, notes taken for machinery sold by plaintiffs for J. E. Hayner & Co., as agents."

The defendant, immediately after these findings were made, filed a motion for judgment in his favor upon the findings, which motion the court overruled, and the defendant excepted. The defendant then filed a motion for a new trial, upon various grounds, which motion the court also overruled, and the defendant excepted. The court then rendered judgment in favor of the plaintiffs and against the defendant for an amount equal to the unpaid balance due on said notes.—It does not appear that this judgment included any of the costs which accrued in the action brought by J. E. Hayner & Co. against the defendant for the unpaid balance due on said promissory notes. The defendant now brings the case to this court for review.

There are two principal questions involved in this case: (1.) Did the court below err in permitting the plaintiffs below to amend their bill of particulars, and in refusing to strike the amended bill of particulars from the files of the court? (2.) Did the court below err in rendering judgment in favor of the plaintiffs and against the defendant upon the pleadings, the evidence, and the findings of the court below? Or, in other words, are the pleadings, the evidence and the findings of the court below sufficient to authorize the judgment rendered by the court below in this case?

There are some other questions presented by the brief of counsel for plaintiff in error, defendant below, but we do not think it necessary to consider the same, for the decision of the two principal questions involved in the case will control the decision of the entire case.

We cannot say that the court below erred materially in this case. We think the court below, in its discretion, had authority to permit the plaintiffs to amend their bill of particulars as they did. We think the evidence introduced on the trial proves the facts alleged in the plaintiffs' second and last amended bill of particulars, and that the evidence sustains the findings of the court below; and we think the pleadings, the evidence and the findings of the court below authorize the judgment rendered by the court below.

The plaintiffs' original bill of particulars states a cause of action upon two promissory notes. The amended bill of particulars states a cause of action upon a judgment rendered upon said promissory notes. The cause of action, therefore, stated in the original bill of particulars, and the cause of action stated in the amended bill of particulars, were substantially causes of action for one and the same debt. Such debt was for farming implements, and as set forth in the original bill of particulars it was evidenced by two promissory notes, but as set forth in the amended bill of particulars it was evidenced by a judgment rendered upon such notes. Therefore, though the two causes of action set forth in the original bill of particulars and in the amended bill of particulars are technically different, yet in sub-

stance they are the same, both being in fact for the recovery of the same original debt for farming implements.   We think, however, that as the plaintiffs' bill of particulars was so materially modified, the court below should have imposed upon the plaintiffs all the costs which had accrued in the case up to the time of the plaintiffs amending their bill of particulars.   But the question of the imposition of costs does not seem to have been presented to the court below, nor is it presented to this court, and therefore we cannot say that the court below erred with respect to the costs.

The plaintiff in error, defendant below, also claims that the pleadings, the evidence and the findings of the court below are not sufficient to authorize the judgment rendered by the court below, for the reason that the plaintiffs guaranteed the collection of the notes and afterward paid the same without the knowledge or consent of the defendant below.   Now if the plaintiffs had guaranteed the notes and then paid the same without the knowledge or consent of the defendant, and without any assignment, legal or equitable, of the debt due from the defendant to J. E. Hayner & Co., then we think the claim of the plaintiff in error, defendant below, would be correct; for, as a general rule, the law does not allow one person to make himself the creditor of another by volunteering to discharge such other's personal obligation.   In the present case, however, the plaintiffs did not *volunteer* to discharge the obligation of the defendant. They were bound by their written guaranty to pay the debt of the defendant; and when they paid the same they took a written assignment of such debt from the creditor.   This gave them the same right to recover the debt from the defendant which the creditor previously had.

Perceiving no material error in this case, the judgment of the court below will be affirmed.

All the Justices concurring.