THE ARMOUR PACKING COMPANY AND DOWDEN-MC-
GLINCHEY MERCANTILE COMPANY v. B. L. ORRICK.

1. AMENDMENT. Where a suit was brought by O. for the benefit of certain
parties who were the heirs of F., the suit being upon an indemnity bond made
to O., the constable, to indemnify him against "judgments." etc., that might
be rendered against him upon account of a certain attachment procured by
the principal obligor on the bond; and where F. had procured judgment
against O. on account of the liability for which the indemnity bond was given,
*held*, that it was not error to permit O. to amend the petition to allege a cause
of action upon the indemnity bond in his own name.

2. SAME—*New Summons and Cost Bond Not Necessary.* And where such amend-
ment to the petition as above stated is permitted, it is not necessary for the
plaintiff to file a new cost bond and procure a new summons, cost bond hav-
ing been filed, and summons issued and served, and appearance made in the
original case.

3. INDEMNITY BOND—*Condition Precedent to Action Upon.* Where a bond was
given to indemnify the constable against all damages, costs and judgments
which might accrue against him, or be rendered against him on account of
the levy and sale of the property attached; and where a judgment was ren-
dered against the constable for the attached property, for the amount of
which judgment the constable sues the obligor and his sureties upon the in-
demnity bond, it is not necessary that the constable should have paid the
judgment rendered against himself, as a condition precedent to maintaining
the action.

4. SAME—*Defense.* It is a good defense to an action on such indemnity bond
that the constable or obligee therein had by gross laches and neglect failed to
notify the attaching creditor, who gave the indemnity bond, of a suit by a
third party against the constable to recover the goods attached, and that the
constable had permitted such third party to take judgment against him by de-
fault, and that such default was in pursuance of a previous understanding
between the constable and the third party that the constable should make
default in the cause, and that the amount of the judgment should be re-
covered against the attaching creditors; and it was error for the trial court to
sustain a demurrer to a paragraph of the answer setting up such defense.

*Error from the Probate Court of Oklahoma County.*

Action for the recovery of judgment on an indemnity
bond. Judgment for the plaintiff for the sum of $201.30
and costs. From which judgment the defendants appeal.
Reversed.

*Burwell & Scott*, for plaintiff in error.

*A. B. Hammer*, *John Burton* and *S. Armstrong*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: B. L. Orrick, defendant in error here, brought his action in the probate court of Oklahoma county, to recover upon an indemnity bond given him to indemnify him against loss, damages, judgments, etc., by reason of the levy of an attachment which was in his hands in the case of *The Armour Packing Company v. W. C. Farrington*, brought in a justice court.

The original petition was entitled:

"B. L. Horrick, for the benefit of Albert Farrington, Mrs. Charity Wallace, *nee* Farrington, and Mrs. R. M. Guinn, *nee* Farrington, the heirs of the deceased, P. C. Farrington, plaintiff, v. The Armour Packing Co. and Dowden-McGlinchey Mer. Co., composed of E. W. Dowden and F. J. McGlinchey, defendants."

The petition set out the indemnity bond and a judgment rendered in the case of *Mrs. P. C. Farrington v. B. L. Orrick*, for the recovery of the goods attached, the judgment being in a *mandamus* proceeding, for the return of the goods, as exempt property, or the sum of $185 in lieu thereof, with interest and costs, and concluded with the allegation: "That no part of the judgment described above has been paid by the said B. L. Orrick, as constable, to Mrs. P. C. Farrington, now deceased, or her heirs, the plaintiff in this suit, and that the defendant has wholly failed and refused to pay to said B. L. Orrick, as constable as aforesaid, any part of said judgment aforesaid, as bound by said indemnifying bond set forth above, although often requested to do so by the plaintiff, B. L. Orrick, for the benefit of Albert Farrington, Mrs. Charity Wallace, *nee* Farrington, and

Mrs. R. M. Guinn, *nee* Farrington, the heirs of the deceased Mrs. P. C. Farriegton, plaintiff," and is signed by the attorneys.

The suit is upon the indemnity bond. And while the petition shows a cause of action in favor of B. L. Orrick, it also appears that Orrick sought, in the original petition, to have the judgment rendered for the benefit of the heirs of Mrs. P. C. Farrington, the judgment plaintiff in the suit brought against Orrick as constable, and to indemnify him against which the bond in this suit was given.

The defendants below demurred to this petition on the grounds that the plaintiff had no capacity to maintain the suit; and that there was a defect of parties plaintiff and defendant; and for the reason that the petition did not state facts sufficient to constitute a cause of action. The demurrers were sustained, and the plaintiff given leave to amend his petition, which he did by leaving out of the petition all references to its being brought for the benefit of the heirs of Mrs. P. C. Farrington.

The amended petition framed the action upon the correct theory, which was that the suit should be brought by Orrick for his own benefit. Of course he had no power or authority to sue upon his bond for the benefit of any other persons.

The plaintiffs in error objected to the court giving the plaintiff below leave to amend the suit, as it finally appeared, in the name of Orrick for his own use and benefit, and claimed that there was a substitution of action in the name of different parties than those who originally brought the suit. It is true that the amended petition was framed for the benefit of a different party than those whom Orrick, in his original petition, stated the

action was brought for; but Orrick was a party to the original petition, and he was a proper party, and he was, in fact, the only proper party, and the ruling of the court upon the demurrer was correct. Orrick had no capacity to maintain the suit for the use and benefit of other persons, but the court, on sustaining the demurrer, did have the right to give him leave to amend, so that the action should proceed in the name of, and for the use and benefit of the only real party in interest in the case, who was the plaintiff, B. L. Orrick. Such amendment is clearly sanctioned by the liberal provision of our statutes, and is supported by authority.

In the case of *James Hanlin v. Wm. O. Baxter*, 20 Kan. 134, which we have already had occasion to cite in the case of *Mulhall v. Mulhall*, 3 Okla. 252, 41, Pac. 109, Justice Brewer delivering the opinion of the court held that it was proper to amend a bill of particulars by substituting the name of Wm. O. Baxter as plaintiff for that of John B. Baxter, who had brought the action, the action being shown to be with reference to the same subject matter and cause of action, and there being a mistake in the name of the party plaintiff. In that case ample authority is cited, from numerous states, to support the decision; and the amendment here made was fully within that case, as well as being within the letter and spirit of our statute on amendment, and clearly in the furtherance of justice.

The plaintiff in error contends that, upon this amendment being allowed, it was the duty of the court to have required a new cost bond and new summons. There is nothing whatever in this contention. The amendment was made in the suit already brought, and in which bond for costs had been filed, and summons issued and served, and appearance made, and it would have been a useless

formality, as well as a thing not required by the code, to have required these preliminary steps to have been gone over again.

The next contention of the plaintiff in error is, that as the action was brought to recover the amount of a judgment which had been obtained by Mrs. P. C. Farrington because of the levy of attachment against the property of W. C. Farrington, that it was necessary for the plaintiff to allege in his petition, and prove on the trial, that he had paid this judgment, before he could recover against the defendants below.

The indemnity bond secured the plaintiff against " all damages, judgments and costs that may be awarded against him by any court or tribunal for or on account of making" the levy upon and sale of the goods attached by Orrick, as constable. No authority whatever is cited by plaintiffs in error in support of this contention, and as the bond indemnified Orrick against all judgments which might be rendered against him on account of making the attachment levy and sale, manifestly the condition of the bond was broken when such judgment was recovered, if Orrick's actions were proper and in good faith towards those who indemnified him. (*Jones v. Childs*, 8 Nevada, 121.)

The next assignment of error is in the action of the court in sustaining the demurrer of the plaintiffs below to the second and fourth paragraphs of the defendant's answer. These paragraphs were as follows:

" Second: Defendants further deny that the property, goods and chattels seized by the said B. L. Orrick, as constable, under the order of sale issued from J. T. Hickey's justice of the peace court, in and for Oklahoma county, Territory of Oklahoma, in the case therein pending, wherein the Armour Packing Co. was plaintiff,

and W. C. Farrington was defendant, were the property, goods and chattels of the said P. C. Farrington.

" Fourth:   Defendants for a further defense to this action allege, aver and state, that the said plaintiff herein failed to notify these defendants, or either of them, that he had been sued by one P. C. Farrington, as the owner of said goods, for the recovery of the same. And that these defendants nor neither of them had any opportunity to defend any such action in said court, on behalf of the said B. L. Orrick.

" And defendants further state that after said action of *mandamus* of *P. C. Farrington v. B. L. Orrick* was brought in the said district court, that the said B. L. Orrick was guilty of gross laches and negligence, in this that he failed to file his answer in said case in conformity with the order of the court; and that said Orrick did not defend said action at the trial of the same, but permitted the said P. C. Farrington to take judgment against him by default.   That these defendants have reason to, and do believe, from information obtained, and therefore, upon said information, and circumstances, allege, aver and state, that said judgment was taken against the said B. L. Orrick by said P. C. Farrington in conformity with a previous understanding between the said P. C. Farrington and B. L. Orrick that the said B. L. Orrick should make default in said case, and that the said Orrick should not be compelled to pay any judgment so obtained, unless said Orrick should first recover the amount thereof from the Armour Packing Co.   And defendants further state that this action is not being prosecuted in the name of the real party in interest, but is being prosecuted for the benefit of P. C. Farrington, or her heirs at law.

" And further state that said B. L. Orrick has not paid said judgment recovered against him by reason of his default in the said district court, or any part thereof, and has therefore sustained no loss by reason thereof."

The court did not err in sustaining the demurrer to the second paragraph of the answer, for that, standing

alcⁿe, and as a separate defense, as it was plead, was not complete in itself, for if the attachment creditor, the Armour Packing Company, had been notified of the suit brought by Mrs. Farrington against Orrick, and had had opportunity to defend this suit, it could not have escaped liability for the amount of the judgment rendered against Orrick therein, upon the ground that the goods were not, in fact, the property of Mrs. Farrington.   That was an appropriate question for all parties to settle in the first suit, and if opportunity was once given the Armour Packing Company to litigate that question, and it was determined against the party secured by the indemnity bond, it could not have escaped liability on the bond because the goods might justly and rightfully have been subject to the attachment levy.   The first suit, under those circumstances, would settle that question.

There was error, however, in sustaining the demurrer to the fourth defense set out in the answer.   The plaintiffs in error were entitled to expect that the conduct of Orrick would be in good faith.   Their bond was to indemnify him against loss, damages and judgments which might accrue to or be rendered against him on account of the liability for which the indemnity was given, and a part of the implied condition of this bond, as well as of all bonds, is good faith on the part of the party for whose benefit the obligation is made.   The obligors were entitled to notice of any suit or proceeding brought against Orrick, and they were entitled to reasonable diligence in the giving of such notice, and opportunity to them to defend Orrick against the claims of Mrs. P. C. Farrington.   They certainly could not be made liable for any judgment which might be rendered against Orrick by reason of an understanding or agreement between him and Mrs. Farrington, by which he

would let the case go by default, and permit judgment to be rendered against him without a defense. Such conduct would be in extremely bad faith. It would be no less than a fraud upon the rights of those who gave the indemnity bond, and if it is true that Orrick did as is alleged in the fourth paragraph of the answer, it is a complete defense to this action upon the indemnity bond.

We do not observe that this error was cured by any other conduct of the case. The judgment will be reversed at the costs of defendant in error, with direction to overrule the demurrer to the fourth paragraph of the answer, and grant a new trial.

All the Justices concurring.