ALCORN *et al.* v. DENNIS.

No. 222.   Opinion Filed November 9, 1909.

(105 Pac. 1012.)

1.   **PLEADING—Amendments—Appeal and Error—Discretion of Trial Court.**  To permit amendments when not changing the cause of action rests within the sound discretion of the trial court, and will not be disturbed on appeal unless it affirmatively appears that its exercise has operated to the prejudice of the rights of the complaining party.

2.   **NEW TRIAL—Objections at Trial—Necessity—Waiver of Jury.**  A party, prior to the beginning of a trial, having duly waived a jury, and during such trial an amendment at the instance of the opposite party having been permitted, no request by either party having been made to the court for the withdrawal of the waiver as to trial by jury, but the trial having proceeded to judgment, such party will not be thereafter heard to complain for the first time in his motion for a new trial that he had been thereby deprived of a right of trial by a jury.

3.   **APPEAL AND ERROR—Questions of Fact—Findings of Court—Conclusiveness.**  Where the testimony is oral and conflicting, and the finding of the court is general, such finding is the finding of every special thing necessary to sustain the general find-

ing, and is conclusive on this court on all questions of doubtful and disputed fact.

(a) Where special findings of fact are made, and these findings are based on oral testimony, on review here, such findings are conclusive upon any disputed or doubtful questions of fact.

(Syllabus by the Court.)

*Error from District Court, Noble County; Bayard T. Hainer, Judge.*

Action by Charles E. Dennis against May. Alcorn and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Doyle & Cress,* for plaintiffs in error.—Citing: *Gague v. Bank,* 86 Ill. 371; *McGeagh v. Nordberg,* 53 Minn. 234; 12 Enc. Pl. & Pr. 271; 24 Cyc. 172; *Hewitt v. Week,* 51 Wis. 368; *Hanchett v. Ives,* 49 N. E. 207; *Hopkins v. Landfond,* 2 N. W. 39; *Farwell v. Murray* (Cal.) 38 Pac. 199; *Chessman v. Hale,* 79 Pac. 255; *Biggs v. Lloyd,* 11 Pac. 831; *Hart v. Cascade Timber Co.* (Wash.) 81 Pac. 738; *Alworth v. Railway Co.* (R. I.) 60 Atl. 884; *Corley v. McElmell* (N. Y.) 43 N. E. 628.

*L. B. Robinson,* for defendant in error.—Citing: *Hand v. Kennedy,* 83 N. Y. 149; *Lanahan v. Heaver* (Md.) 20 L. R. A. 759; 24 Cyc. 171; *Thompson v. King.* 173 Mass. 439; 12 Enc. Pl. & Pr. 272; *Haley v. Bank* (Nev.) 12 L. R. A. 819; *Hutchinson v. Ward,* 99 N. Y. 708; *State v. Packenham* (Wash.) 82 Pac. 597; *Town v. Leake* (S. C.) 50 S. E. 541; *West v. Bank* (Mo.) 85 S. W. 601; *Zilke v. Woodley* (Wash.) 78 Pac. 299.

WILLIAMS, J. 1. The defendant in error, as plaintiff, declared in two counts. The first was on a promissory note wherein it was alleged that the interest was to be paid semiannually. The purported copy of such note attached to the petition as an exhibit did not contain such clause, and after the trial had been begun, and objection was made by the plaintiffs in error (defendants below) to the introduction of the original note on account of a variance, the plaintiff (defendant in error here) was permitted to amend.

To permit amendments when not changing the cause of action

rests within the sound discretion of the trial court and will not be disturbed on appeal unless it affirmatively appears that its exercise has been abused to the prejudice of the complaining party. *Swope v. Burnham,* 6 Okla. 736, 52 Pac. 924; *Tecumseh State Bank v. Maddox,* 4 Okla. 583, 46 Pac. 563; *Armour Packing Co. v. Orrick,* 4 Okla. 661, 46 Pac. 573; *Church v. A., T. & S. F. R. Co.,* 1 Okla. 44, 29 Pac. 530; *El Reno Electric Light & Telephone Co. v. Jennison,* 5 Okla. 759, 50 Pac. 144; *Lookabaugh v. La Vance,* 6 Okla. 358, 49 Pac. 65; *Limerick v. Lee,* 17 Okla. 165, 87 Pac. 859; *Piper v. Choctaw Northern Townsite & Improvement Co.,* 16 Okla. 436, 85 Pac. 965; *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Mulhall v. Mulhall,* 3 Okla. 304, 41 Pac. 109; section 4343 (c. 66, art. 8, § 145) Wilson's Rev. & Ann. St. 1903; *Rogers v. Hodgson,* 46 Kan. 276, 26 Pac. 732; *Teberg v. Swenson,* 32 Kan. 224, 4 Pac. 83.

2. The plaintiffs in error not having asked permission to withdraw their waiver as to trial by jury, but having proceeded under the original waiver after the amendment had been permitted, will not be heard to complain for the first time in their motion for new tral that they were thereby deprived of the right of trial by jury. However, there are authorities that hold that, when a jury has been waived as to the trial of a cause, such waiver applies to all issues not only then existing, but also to those raised by subsequent pleadings. *Thompson v. King,* 173 Mass. 439, 53 N. E. 910; *Dennie v. Williams,* 135 Mass. 28; *Lanahan v. Heaver,* 77 Md. 605; 26 Atl. 866, 20 L. R. A. 756; *Tracy v. Falvey,* 102 App. Div. 585, 92 N. Y. Supp 625; *Collins v. Young,* 118 N. C. 265, 23 S. E. 1005; *Keystone Driller Co. v. Worth,* 117 N. C. 515, 23 S. E. 427; *Perry v. Tupper,* 77 N. C. 413; *Hauser v. Metzger,* 1 Cin. R. (Ohio) 164; *Ferrea v. Chabot,* 121 Cal. 233, 53 Pac. 689, 1092; *Hartford Ins. Co. v. Redding,* 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118; *Wittenberg v. Onsgard,* 78 Minn. 342, 81 N. W. 14, 47 L. R. A. 141.

3. All the evidence in this case was parol. As to whether or not the note was altered after it was executed, there was a conflict. The general and special finding of the trial court against

the plaintiffs in error on that question is therefore conclusive here. *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740.

The judgment of the lower court is affirmed.

All the Justices concur.