## BOHART v. MATHEWS.

No. 955.   Opinion Filed July 11, 1911.

(116 Pac. 944.)

1.   APPEAL AND ERROR—Objections Below—Necessity—Pleadings. Neither any motion having been made for judgment on the pleadings nor any objection to the introduction of evidence on the ground that the answer did not state facts sufficient to constitute a defense, but issue being joined by reply, and evidence received and the cause determined and final judgment rendered thereon in the lower court, the sufficiency of the answer will not be permitted to be raised for the first time on review in this court.

(a)   The pleadings here, under such circumstances, will be presumed to have been amended, if necessary, to conform to the evidence.

2.   APPEAL AND ERROR—Trial—Review of Conflicting Evidence —Findings. Same as that in Bretch Brothers v. Winston & Son, 28 Okla. 625, 115 Pac. 795.

(Syllabus by the Court.)

*Error from Grady County Court; N. M. Williams, Judge.*

Action by W. A. Bohart against Augustus F. Mathews. Judgment for defendant, and plaintiff brings error. Affirmed.

*Thomas J. O'Neill,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review a judgment in the lower court wherein the plaintiff in error, as plaintiff, sued the defendant in error, as defendant, upon two

promissory notes made and delivered by the defendant to plaintiff. Answer was filed admitting the execution of the notes, but averring fraud and misrepresentation in obtaining same. A reply was filed thereto and a trial had before the court without the intervention of a jury. A general finding was made in favor of the defendant and judgment rendered thereon.

The plaintiff in error insists that he was entitled (1) to judgment on the pleadings, and (2) that there was not sufficient evidence to sustain the judgment.

1. As to the first proposition, neither was any motion made for judgment on the pleadings nor any objection made to the introduction of evidence by the defendant on the ground that the answer did not state facts sufficient to constitute a defense. The plaintiff in error is therefore not permitted to raise that question on review in this court. *Cobb v. Wm. Kenefick Co.*, 23 Okla. 440, 100 Pac. 546; *Wey et al. v. City Bank of Hobart et al., ante,* p. 313, 116 Pac. 943; *Kaufman v. Boismier et al.*, 25 Okla. 252, 105 Pac. 326.

2. As to whether the evidence sustained the judgment, we are not prepared to say that there is no conflict in the evidence. It has time and again been held by this court that:

"Where a case is tried by the court without the intervention of a jury upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence. (a) Where the testimony is partly oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding and is conclusive upon this court upon all doubtful and disputed questions of fact." (*McCann v. McCann*, 24 Okla. 264, 103 Pac. 694; *Alcorn v. Dennis*, 25 Okla. 135, 105 Pac. 1012; *Bretch Bros. v. Winston & Son*, 28 Okla. 625, 115 Pac. 795; *Robinson v. Roberts*, 20 Okla. 787, 95 Pac. 246.)

It follows that the judgment of the lower court must be affirmed.

All the Justices concur.