## ELWOOD OIL & GAS CO. v. GANO.

No. 9115—Opinion Filed Nov. 18, 1919.

(Syllabus by the Court.)

1. **Appeal and Error — Review — General Finding of Court.**

When a jury is waived and a cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon this court upon all doubtful and uncertain questions of fact so found.

2. **Pleading—Amendments.**

The trial court may, in the furtherance of justice and in the exercise of sound discre-

tion, before or after judgment, permit the amendment of all pleadings to conform to the facts proved, when such amendment does not change substantially the claim or defense.

Error from District Court, Tulsa County; T. P. Clay, Assigned Judge.

Action by J. K. Gano against Elwood Oil & Gas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

West, Sherman, Davidson & Moore, for plaintiff in error.

Robt. A. Lowry, for defendant in error.

BAILEY, J. This action was commenced by the defendant in error as plaintiff below, in the district court of Tulsa county, for the recovery of the sum of $3,996, from the plaintiff in error, defendant below. Defendant in error alleging in his petition that said plaintiff in error was due and owing said defendant in error said sum, by reason of a certain oral contract and agreement, wherein and whereby it was agreed that the said defendant in error should drill for plaintiff in error a certain oil well, known as "Steele Well No. 8." Defendant in error further alleging that said well was drilled according to the terms and conditions agreed upon, and "said defendant agreed to pay plaintiff for the drilling of said well, the sum of $1.50 per foot. the said sum of $3,996 being the contract price of drilling said well at the rate of $1.50 per foot." Defendant in error alleged that due and proper demands had been made for such sum and that no part of same had been paid. To the petition, plaintiff in error filed its answer, containing, first, a general denial; and second, alleging and avering that said plaintiff in error entered into an oral contract with one McCoy, as representative of a partnership doing business under the name and style of Gano & McCoy, and that it made and entered into no contract for the drilling of the well set out in the petition, except with the firm of Gano & McCoy, and that said answering defendant was under no liability of any kind to plaintiff, Gano, and further pleading that there was a defect of the parties plaintiff which did not appear on the face of the petition in this cause; and third, and for further defense the answering defendant. plaintiff in error here, further alleges that it held certain claims, debts, and demands due the said plaintiff in error from the said partnership of Gano & McCoy. To the answer of plaintiff in error, the defendant in error filed its reply, consisting of a general denial of the allegations in the answer of plaintiff in error. A jury being waived, the cause was heard by the court, and after the introduction of testimony by defendant in error, plaintiff in error interposed a demurrer to the evidence, which after due consideration by the court was overruled. Whereupon it was announced that plaintiff in error would stand upon such demurrer, and that no testimony would be offered by plaintiff in error. The court rendered judgment in favor of defendant in error for the sum of $3,996, together with interest thereon at the rate of six per cent. and from such judgment, so rendered, plaintiff in error has appealed and brings the cause here for review.

The numerous assignments of error are presented and discussed under two general contentions. The first contention is that the action is brought by the defendant in error, J. K. Gano, when in truth and in fact the evidence shows that the alleged transaction and contract had between plaintiff in error and the defendant in error was by and for the firm of McCoy & Gano, and that therefore the action had been improperly brought. We think counsel is correct in his contention, which in effect is that where a contract is made by one partner for the firm, and it is shown on its face to be a firm transaction, all partners must join in an action thereon, and that in suits by or against a partnership, all the partners must join or be joined. But in the case at bar, the petition clearly alleges that the transaction between the plaintiff in error and the defendant in error was had for the use and benefit of the defendant in error, and there is no suggestion in the petition that any one other than plaintiff in error was interested in the contract. The court, having found the issues generally in favor of defendant in error, necessarily found that defendant in error was the proper party to maintain this action and that defendant in error was the real party in interest. Bohart v. Mathews, 29 Okla. 315, 116 Pac. 944. An examination of the record discloses an abundance of evidence, in our judgment, to support this finding. Where the testimony is oral and conflicting, and the finding of the court is general, such finding is the finding of every special thing necessary to sustain the general finding, and is conclusive on this court on all questions of doubtful and disputed fact. Alcorn et al. v. Dennis, 25 Okla. 135, 105 Pac. 1012.

The second contention of plaintiff in error is "that plaintiff failed to prove the contract pleaded," that after alleging "that plaintiff in error agreed to pay $1.50 per foot," then the defendant in error was permitted to amend his petition so that the same read as follows: "And said defendant agreed to pay to plaintiff for drilling of said well the customary price for drilling such well in

the Cushing field where said well was located, which customary price was the sum of $1.50 per foot." The record discloses that at the commencement of the introduction of evidence in the case, a request was made and leave of the court obtained to make such amendments to the petition as might be necessary to conform to the evidence in so far as the price per foot for drilling was concerned. The record further discloses that after the demurrer to the evidence had been interposed, and pending the ruling thereon, counsel for defendant in error again requested permission to make such amendment, and, over the objections of the defendant, permission was granted by the court to file such amendment to the pleadings, to which ruling exceptions were saved.

Section 4784, Rev. Laws 1910, provides:

"No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

Section 4790, Rev. Laws 1910, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, * * * or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense."

We can not see, under the record in this cause, how plaintiff in error was in any manner misled or prejudiced by the action of the court in permitting this amendment. Plaintiff in error in its answer has admitted that it had agreed to pay the sum of $1.50 per foot for the drilling of Well No. 8, but alleged said contract had been made with McCoy and Gano, instead of with McCoy, as the representative and agent of defendant in error, Gano. The contention being that these dealings had been with the partnership, and therefore that the suit had not been brought by the proper party; and, further, plaintiff in error contended that it had certain claims and demands which it had a right to offset against the demands of said partnership. The testimony as introduced by defendant in error as to the terms of the contract was in no wise denied and nothing was suggested or intimated by the evidence that the terms of the contract were any different from that alleged and contended for by defendant in error, except as to the parties involved, the sole difference being as to the parties between whom the agreement and contract was had. No objection was made to proceeding with the trial after such amendment was allowed, nor any showing of surprise. This court has often held that the granting of amendments to pleadings to conform to the proof is a matter resting largely in the sound discretion of the trial court, when such amendments do not change substantially the claim or defense, which rule is but declaratory of the statutory provision. S. J. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 407; Shawnee-Tecumseh Traction Co. v. Wollard, 54 Okla. 432, 153 Pac. 1189; Midland Valley R. Co. v. Rippe, 61 Oklahoma, 161 Pac. 233; Culp v. Steere et al., 47 Kan. 746, 28 Pac. 987. "Any error in allowing an amendment which does not affect the substantial rights of the complaining party is not a sufficient ground for reversal." Snider et al. v. Windsor et al., 77 Kan. 607, 93 Pac. 600. The amendment allowed, in our opinion, does not contravene the rule announced in those cases where a special contract is pleaded and relied upon and recovery is attempted to be had upon quantum meruit. The amendment which the court permitted simply pleaded more specifically the contract alleged to have been agreed upon, and in this connection it may be suggested that sufficient evidence was introduced without objections, establishing the customary price in the field in which well No. 8 was drilled to be $1.50 per foot.

In the original petition filed by defendant in error, Gardner Steele and John Steele were made parties defendant. The trial court, however, found in favor of such defendants and no appeal has been prosecuted from that part of the judgment. It has therefore been unnecessary to give attention to the pleadings and evidence affecting such defendants.

Having reached the conclusion, therefore, that judgment of the trial court is sustained by the evidence, and that the court committed no reversible error in the trial of said cause, the judgment is affirmed.

All the Justices concur.