### EVANS v. BURLESON.

No. 17700. Opinion Filed Sept. 13, 1927.

Rehearing Denied Nov. 8, 1927.

(Syllabus.)

1. **Appeal and Error—Partnership—Parties Plaintiff—Question of Fact Whether Contract is Partnership Transaction—Conclusiveness of Findings.**

Where a contract is made by one partner for the firm and it is shown on its face to be a firm transaction, all partners must join in the action thereon, but where there is no mention of a partnership in the pleadings, and where the testimony is oral and conflicting as to whether the action is for the use and benefit of the plaintiff or for the partnership, the general finding of the court on all questions of doubtful and disputed facts is binding upon this court where there is any evidence reasonably tending to support the same.

2. **Witnesses — Impeachment—Contradictory Conversations—Predicate.**

Before a witness can be impeached by proof of contradictory statements made by him outside the court room, his attention must first be called to the time, place, and person involved in the supposed contradictory conversation, in a manner sufficiently definite that there is a reasonable

certainty that the recollection of the witness will be refreshed and his attention directed to the alleged conversation; however, before an objection to the introduction of such evidence should be sustained by the trial court, it must appear that the statements sought to be elicited are clearly impeaching.

3. **Trial—Defendant's Demurrer to Evidence and Motion for Directed Verdict, When not Sustainable.**

Where there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled.

Error from District Court, Grady County; M. W. Pugh, Judge.

Action by J. R. Burleson against A. L. Evans. Judgment for plaintiff, and defendant appeals. Affirmed.

Bailey & Hammerly, for plaintiff in error.

Melton & Melton, for defendant in error.

PHELPS, J. J. R. Burleson, defendant in error here, brought suit against A. L. Evans, plaintiff in error, in the district court of Grady county, praying judgment for the sum of $187.45 and interest, which he claimed to be due him; the facts out of which the indebtedness grew being substantially as follows: Burleson was engaged in buying and selling cotton seed and, desiring to retire from business, sold to Evans the balance of the cotton seed he had on hand stored in two bins at Rush Springs, Okla., which they estimated to be 29,524 pounds, at an agreed price of $32.40 per ton, for which Evans paid Burleson the sum of $472.14. After the seed were delivered to Evans, Burleson ascertained that 11,565 pounds of seed had been placed in said bins which, by mistake, were not taken into consideration in estimating the amount sold and, Evans refusing to pay for the same, Burleson instituted this suit for $187.45. As a defense to said action, Evans pleaded and attempted to prove that when he bought the seed from Burleson there was an oral understanding and agreement between them that if it were ascertained that there were more seed than estimated, Evans should have the profits, and if there were less seed than estimated, he should stand the loss.

The case was tried to a jury, which returned a verdict in favor of Burleson for

$162, with interest, upon which verdict judgment was rendered, and Evans prosecutes this appeal.

The errors complained of are submitted under three general propositions, the first of which is that the court committed error in overruling plaintiff in error's demurrer to the evidence of defendant in error and in refusing to direct a verdict for plaintiff in error. The demurrer and motion for the verdict were based upon the claim that the evidence showed that if any cause of action existed, it was in favor of a partnership existing between the plaintiff and one J. M. McLeod, and that as the action was prosecuted by Burleson alone, he could not maintain the same without McLeod being a party thereto. Burleson himself testified that he and McLeod were together engaged in buying and selling cotton seed on what he termed a fifty-fifty basis, and McLeod testified, by deposition as a witness for Evans, that they were so engaged in business on what he also termed a fifty-fifty basis, and it is upon this testimony that counsel for plaintiff in error base their claim that Burleson could not maintain the action.

There is no suggestion of a partnership in the pleadings, but it is the contention of plaintiff in error that when the evidence developed the fact that it was a partnership transaction and only one of the partners was a party to the action, a demurrer should have been sustained to the evidence. As sustaining their contention they cite a number of authorities, including Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443, and Hassen v. Rogers, 123 Okla. 265, 253 Pac. 72.

With these authorities we find no fault. They undoubtedly state the law, but, unfortunately for the contention of plaintiff in error, Burleson testified positively that it was definitely agreed and understood between himself and McLeod that the seed in the two bins at Rush Springs should be sold and "if there is a clear dollar in them we will go fifty-fifty, if there is a loss I am the man to lose." He further testified that there was a loss.

Nowhere in McLeod's testimony does he intimate that he claims any interest in the transaction, and whatever their relations might have been prior to this "closing out" deal all the evidence on this subject indicated that McLeod had no interest therein and, if he did not have, the authorities cited by counsel for plaintiff in error have no application.

In Elwood Oil & Gas Co. v. Gano, supra, the record was in a similar condition to the record in the instant case, and the court, in commenting upon the effect of a contract made by one partner for the benefit of the firm, said:

"But in the case at bar the petition clearly alleges that the transaction between the plaintiff in error and the defendant in error was had for the use and benefit of the defendant in error, and there is no suggestion in the petition that any one other than plaintiff in error was interested in the contract. The court, having found the issues generally in favor of the defendant in error, necessarily found that defendant in error was the proper party to maintain this action and that defendant in error was the real party in interest. Bohart v. Mathews, 29 Okla. 315, 116 Pac. 944. An examination of the record discloses an abundance of evidence, in our judgment, to support this finding. Where the testimony is oral and conflicting, and the finding of the court is general, such finding is the finding of every special thing necessary to sustain the general finding, and is conclusive on this court on all questions of doubtful and disputed fact. Alcorn et al. v. Dennis, 25 Okla. 135, 105 Pac. 1012."

Then, applying the above rule to the facts in this instant case, we can reach no other conclusion than that the court committed no error in overruling the demurrer and motion to direct the verdict.

It is next contended by counsel that the court committed error in admitting certain evidence which they claim was impeaching evidence without any predicate having been laid therefor. As before herein stated, McLeod testified in behalf of defendant corroborating the testimony of Evans that there was an agreement between Burleson and Evans that Evans should receive the benefits or stand the loss, depending on whether the amount of cotton seed was more or less than the amount estimated.

One W. G. Waggoner was placed upon the witness stand by the plaintiff in rebuttal and was asked by counsel if he had had a conversation with McLeod immediately after the deal had been consummated and, over the objection of counsel for Evans, he was allowed to testify that he had heard McLeod say:

"Mr. Burleson has screwed himself out of $165."

This testimony was objected to under the general rule that before a witness can be impeached by proof of contradictory statements made by him out of the court room, his attention must first be called to the

time, place, and person involved in the supposed contradictory conversation, in a manner sufficiently definite that there is a reasonable certainty that the recollection of the witness will be refreshed and his attention directed to the alleged conversation. Authorities are cited by counsel, which, in our judgment. amply sustain this rule, but, as we view the testimony complained of, it does not fall within the rule. According to McLeod's own testimony, Burleson had made the agreement that Evans should reap the benefits or stand the losses, dependent upon the accuracy of the estimated amount of cotton seed, and the statement of the witness Waggoner as to what McLeod told him in no way impeaches or contradicts that statement and, in our judgment, the trial court properly admitted the evidence.

It is further contended by counsel that the court erred in refusing to direct a verdict upon the ground that the evidence is insufficient to support the verdict. A sufficient answer to that contention is that oft-repeated statement by this court that where disputed questions of fact are submitted to a jury the verdict and judgment rendered thereon will not be disturbed by this court on appeal where there is any evidence reasonably tending to support the same, and, as we view it, the verdict is amply supported by the evidence in the instant case, and the judgment of the trial court is affirmed.

BRANSON. C. J., MASON, V. C. J.. and LESTER. HUNT. CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 884, §2855; 30 Cyc. p. 561. (2) 40 Cyc. pp. 2726 (Anno), 2728 2729, 2730 (3) 38 Cyc. pp. 1548, 1578.