CHICAGO, R. I. & P. R. CO. v. TAYLOR.

No. 22753.　Sept. 10, 1935.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

William McFadyen, for defendant in error.

PER CURIAM. This action was filed in the district court of Caddo county by A. H. Taylor against the Chicago, Rock Island & Pacific Railway Company for damages to his interest in a growing crop of cotton and to his lands caused by an overflow of water. The cause was tried to a jury and verdict rendered for plaintiff for damages in the sum of $1,000. From judgment entered thereon, defendant appeals. The parties will be referred to herein as they appeared in the trial court.

Plaintiff alleges in the first cause of action in his petition that he is the owner of 115 acres of land situated immediately west of defendant's right of way and being in the northwest quarter of section 27 in township 7, north of range 10 W. I. M.; that in constructing its line of railway north and south along the side of this land, defendant built an embankment from four to eight feet high upon which to lay its rails; that the natural drainage is from the west to the east; that in constructing its roadbed the defendant dug a large deep ditch or borrow pit along the entire east side of plaintiff's

land, into which ditch surface waters after freshets flowed and finally reached a creek which took them away; but that about the 1st of June, 1928, defendant carelessly and negligently permitted the said ditch to become filled with sand, trash, and debris, and overgrown with weeds and underbrush until the land where the said ditch had been became higher than the lands of plaintiff, and that same together with the railway embankment became a dam, preventing the water from flowing in its natural and usual course, and thereby forced water back upon the land of plaintiff where it had no outlet and caused said water to stand on his land several feet deep for a number of days; that prior to June 1, 1928, defendant cut a knoll to the south of plaintiff's land, thereby turning and diverting a large volume of water from its natural course, which was to the east and away from plaintiff's land, onto the said lands of plaintiff without providing an outlet for said additional water; that about the 1st of June, 1928, there came a heavy rain, and that on account of said ditch being obstructed and said embankment causing a dam, great volumes of water were diverted from their natural course and were forced west and north over about 50 acres of plaintiff's land, and destroyed a growing cotton crop on said 50 acres of land, which would easily have made a bale of cotton to the acre, and of which crop plaintiff had a one-fourth interest without any expense as to cultivation and marketing; that plaintiff would have received 12 bales of cotton for his share, which would have been of the value of $1,200, and that by the destruction of said cotton crop he was damaged by defendant in the sum of $1,200. Plaintiff makes all the applicable allegations of his first cause of action parts of his second cause of action by reference, and further alleges that between the 1st day of May, 1928, and the 1st day of June, 1929, there came heavy rains and freshets, and as a result thereof and on account of said borrow pit being obstructed and said embankment causing a dam, great volumes of water were diverted from their natural and usual course and forced onto about 50 acres of plaintiff's said lands and were impounded in lakes thereon and deposited from six inches to three feet of sand and unproductive soil and sediment on said 50 acres of land and damaged said lands $35 per acre, or a total of $1,750. Plaintiff prays for judgment on his two causes of action for $2,950.

Although the defendant assigned several errors in the petition in error, only two of them, Nos. 5 and 6, are relied upon and presented in the argument in the brief. These relate to the admission in evidence of the testimony of two witnesses regarding the flooding of the land of the plaintiff in the year 1929.

The amended petition filed by the plaintiff contained two causes of action, the first for damages caused by the flood of 1928, and the second for damages caused by the flood of 1929, both of which floods were attributed to the same negligence on the part of the defendant. The defendant's only plea to this amended petition was an answer raising the general issues mainly. Under these pleadings damages for the flood of 1929 were an issue.

The plaintiff did not mention the second cause of action in the opening statement to the jury. When the plaintiff was testifying and was first interrogated regarding the flood of 1929, the defendant objected to the competency and relevancy of such testimony upon the ground that plaintiff had abandoned the second cause of action. Plaintiff thereupon stated, in answer to a question propounded by his attorney, that he was not seeking damages for the flood of 1929. The defendant also objected to the plaintiff's tenant giving similar testimony. The court admitted this testimony over objections and the defendant saved its record thereon.

This court held in C., R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 P. 755, that testimony of previous or subsequent overflows of land, attributable to the same cause, was admissible in evidence in corroboration of a particular overflow. While the trial court did not tell the jury the purpose for which this testimony was admitted at the time it was admitted, the plaintiff made plain that he was not seeking damages therefor, and the trial court instructed the jury in the formal instructions that it could allow damages for the overflow of 1928 only.

We do not believe that the jury misunderstood the purport of this testimony. We have examined the entire record, and even if we adopted the defendant's theory that this evidence was not competent, we are still of the opinion that there was ample evidence in the record to sustain the verdict, of such a character that the jury could not misunderstand it.

In construing section 3206, O. S. 1931, relating to setting aside judgments for improper admission of evidence, we said in the

case of Oklahoma Nat. Gas. Co. v. Coppedge, 110 Okla. 261, 237 P. 592:

"Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence resulted prejudicially to the interest of the one making such objection."

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys D. P. Parker and A. S. Dickson in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Parker and approved by Mr. Dickson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.