### HATMAKER v. GRIPE et al.

No. 27639. Dec. 7, 1937.

Rehearing Denied Nov. 22, 1938.

Goode, Dierker & Goode and W. E. Wells, for plaintiff in error.

Abernathy, Howell & Abernathy, for defendants in error.

GIBSON, J. This is an action for damages to land allegedly caused by a landowner in diverting surface waters from their natural drainage located on his own land onto the land of the adjoining owner. Demurrer to plaintiff's evidence in the trial court was sustained and judgment rendered for defendants, and plaintiff appeals. The parties are herein designated in the same order as they appeared at the trial.

The parties owned adjoining 80-acre tracts, plaintiff's on the east, both running lengthwise north and south. Prior to the occurrences out of which this action arose, the surface waters during seasons of heavy rainfall ran off the hills located to the northwest and overflowed the natural drainage course running across both tracts and spread approximately in even volume over the same. The natural course of drainage was first across defendants' land, then onto that of plaintiff. In an attempt to control the water and prevent widespread flow over his land, the predecessor in title of the plaintiff constructed a ditch across said tract. now plaintiff's, beginning near the north common corner and at a point approximately on the boundary line between the two tracts, thence extending across plaintiff's land in a southeasterly direction and north of the natural drainage course. Thereafter defendants constructed a ditch 'across their own tract, connecting the same with the upper, or west, end of the plaintiff's ditch, thus making a continuous artificial drainage across both tracts. In rainy season water continued to overflow both tracts. Defendants then constructed a stone wall running 'at right angles on their own land at the north common corner of the tracts, the same extending some

200 feet along their north border, and two or three hundred feet south along the common border and across the natural drainage and the aforesaid ditch.

In rainy seasons, the water coming down from the hills on the northwest strikes said wall along the north line, comes around the corner thereof to the east onto plaintiff's land, thus diverting the natural flow from the north end of defendants' tract where ordinarily it would enter that tract, thence continue in a southeasterly direction across same and spread to that of the plaintiff, resulting in much less damage than is since caused by the flow of water around the wall.

Such is the evidence to which defendants' demurrer is sustained. That ruling is assigned here as error.

Plaintiff contends that under the rule announced in Gulf, C. & S. F. Ry. Co. v. Richardson, 42 Okla. 457, 141 P. 1107, the foregoing evidence established a cause of action for damages. The rule is there stated as follows:

"The common law governing the diversion of surface water as adopted and applied in this state has been modified and restricted to this extent, namely, that each proprietor may divert the same, cast it back or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. Under this rule of law no one is permitted to sacrifice his neighbor's property in order to protect his own."

The evidence as above related clearly reveals that the defendants have diverted the natural flow of the water from their own land to that of the plaintiff, thus relieving themselves of their portion of the burden, to the manifest injury of the plaintiff.

It is error to sustain a demurrer to plaintiff's evidence where there is competent evidence tending to establish his cause of action and sufficient to sustain a verdict in his favor. Evans v. Burleson, 127 Okla. 290, 260 P. 743.

Defendants insist that they, as owners of land upon a natural drain, had the right to place and maintain thereon such barriers as were necessary to prevent their lands from being overflowed and damaged by the stream, and for the purpose of keeping the stream within its natural channel, in the interest of good husbandry. They would here apply the rule at common law to the effect that everyone has the right to protect his property with dykes and levees to keep back flood waters without being responsible to his neighbors. The rule does not obtain here, and is not applied beyond the point of rea-

sonable use of the stream. When the neighbor is injured by such use, he has a cause of action against the one causing his injury. Gulf, C. & S. F. Ry. Co. v. Richardson, supra. Defendants' contention here is not supported by the evidence. The barriers erected by them diverted the natural stream instead of keeping the same within the natural course.

Defendants say that the original ditch constructed by plaintiff's predecessor actually diverted the stream or natural flow from plaintiff's land to their own; that under the rule expressed in Dowlen v. Crowley, 170 Okla. 59, 37 P. (2d) 933, they could, with impunity, cast the flow back upon the plaintiff's land. We find no fault with the rule of law adopted in the case of Dowlen v. Crowley, supra. However, it is our opinion that the present case should have been submitted to the jury, under proper instructions, for proper determination.

The trial court erred in sustaining defendants' demurrer to plaintiff's evidence. The judgment is therefore reversed and the cause remanded, with directions to proceed in conformity with the views here expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, HURST, and DAVISON, JJ., concur. RILEY, PHELPS, and CORN, JJ.. absent.