PRODUCERS PIPE & SUPPLY CO. v. LEDGER et al.

No. 29362. Jan. 21, 1941.

Rehearing Denied April 23, 1941.

*112 P. 2d 359.*

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for plaintiff in error.

Wilson & Wilson, of Enid, for defendants in error.

CORN, V. C. J. Defendants in error, herein referred to as plaintiffs, instituted this action against the plaintiff in error and another not here involved, herein referred to as defendant, to recover a money judgment and to foreclose a materialman's and mechanic's lien.

The plaintiffs alleged, in substance, that they had pulled certain casing, conducted a fishing job, cleaned out a cellar under a well and had hauled a load of pipe for the defendant under an express oral contract whereby the defendant had agreed to pay plaintiffs for said services the aggregate sum of $833.02.

The defendant denied making an oral contract, but alleged that the work had been performed under the terms of a certain written contract whereunder the plaintiffs themselves were expressly liable for any fishing job at their own expense, and admitted that the plaintiffs were entitled to the sum of $308.02 for the work they had performed other than the fishing job and cleaning out the cellar, which amount they tendered to the plaintiffs. The plaintiffs in reply alleged that the written contract had been abandoned and superseded by the oral contract which they had pleaded in their petition.

Upon these issues trial was had to a jury. Demurrer of defendant to the evidence of plaintiffs was overruled and motion for directed verdict was likewise denied. The jury returned a verdict for the plaintiffs and assessed their recovery at the sum of $708.02 and accrued interest in the sum of $70.80, making a total of $778.82. Whereupon the court rendered judgment, sustaining the lien and ordering it foreclosed, and allowing plaintiffs an attorney fee of $175. From this judgment the defendant perfected this appeal.

The various propositions of error submitted by the defendant relate in some manner to the general proposition of the sufficiency of the evidence to withstand the demurrer to plaintiffs' evi-

dence and the defendant's motion for a directed verdict, or the sufficiency of the evidence to support the verdict.

The question as to whether the services involved in this action were performed under a written contract, or whether they were performed under an express oral contract, was a question of fact for the jury, and it is a well-settled rule that where there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for directed verdict should be overruled. Helmerick & Payne, Inc., v. Green, 183 Okla. 164, 80 P. 2d 573; Griffin v. Patterson et al., 183 Okla. 108, 80 P. 2d 246; Hatmaker v. Gripe et al., 184 Okla. 26, 84 P. 2d 418; Carey, Lombard, Young & Co. v. Huckaby, 186 Okla. 685, 100 P. 2d 895.

We have examined the record and are of the opinion that the evidence amply sustains the verdict. Therefore the judgment is affirmed, and upon proper motion judgment is rendered upon the supersedeas bond herein.

WELCH, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.