### GODLIN v. HOCKETT et al.
### No. 35625.

Supreme Court of Oklahoma.
Jan. 19, 1954.
Rehearing Denied June 15, 1954.

John B. Ogden, Oklahoma City, for plaintiff in error.

J. Harold Land and John T. Edwards, Oklahoma City, for defendants in error.

JOHNSON, Vice Chief Justice.

The factual situation (pleadings and contentions of the parties) may be briefly summarized as follows: That plaintiff in error, Louis Godlin, is the owner of land known as Crutcho Park Addition and said land abuts Crutcho Creek upstream from

the land of defendants in error, Banny W. Hockett and Marian E. Hockett, hereinafter referred to as plaintiffs and defendant. Plaintiffs alleged that defendant built a dam, dike or levee along the roadway which abuts their property, changing the natural flow of the watercourse, resulting in damage to their property. The defendant, as a defense, contends that the building and maintenance of said dam, dike or levee was within his rights and that he did not cause any damage to plaintiffs' property; that the plaintiffs bought the property after the dike was built and that the construction and continued use of the dam was legal and just.

On this theory the cause was tried to a jury resulting in a judgment for plaintiff on each of three causes of action, to wit: First cause for $129 for damages to a corn crop, second cause for permanent damages to land for $250, and the third cause for damages to a well, the farm home and the farm buildings of plaintiff in the sum of $750.

The issue presented to us is whether or not damages suffered from flood waters by plaintiffs were the fault of the defendant for which they should recover and for which an injunction should be granted or whether defendant has acted in the interest of good husbandry in the erection of the dam and is blameless for the flood water damage suffered by plaintiffs.

A jury verdict and judgment based thereon will be affirmed if there is any evidence reasonably tending to support it unless contrary to law. This rule is so well established that authority need not be cited.

The record discloses without any substantial contradictions that the properties of plaintiffs and defendant are located along a small winding creek known as Crutcho Creek, defendant being an upper riparian landowner from plaintiffs; that during normal seasonal rains due to the topography of the area, defendant's property, commonly known as Crutcho Addition, has always been substantially covered by flood waters before such waters reached plaintiffs' property before the defendant erected the dams; that it was common knowledge that Crutcho Park Addition was subject to such floods, and that said area was a part of the flood plane or watercourse, and that this was known to defendant when he purchased the addition.

It was shown that following the purchase of his subdivision area, defendant dredged and deepened the part of Crutcho Creek, flowing by and through his property, apparently to eliminate flood waters from his property, and erected and maintained a dike or dam approximately 2,000 feet running generally west and southwest along the bank of said creek from the bridge across the creek and from the Air Depot Road, or County Road, thence to north of the south boundary line of defendant's property; that as a result thereof seasonal flood waters were stayed on the southern side of the dike and followed a course or flowed around the ends of said dike and over into the lower lands of Crutcho Park Addition, the same as it had previously flown, but that thereafter in 1949 a small north-south dike was built on defendant's property along and west of his east boundary line, which connected on the southern end with and to the eastern end of his previously built east-westerly dike; that this small north-south dike was washed out and broken through in the southern area and near the Creek by the next seasonal floods in the spring of 1950; that same had little or no effect on the watercourse of flood waters or the manner of flow immediately and prior to the building thereof. However, about September, 1950, defendant enlarged and rebuilt this north-south dike and extended same a greater distance toward the north and opposite plaintiffs' property. This north-south dike as rebuilt extended from easterly end of the east-west dike and the northerly bank of Crutcho Creek, a distance of approximately one-fourth mile north to a point past midway and opposite the western boundary of plaintiffs' property and varied in height from eight feet at the south end to three at the extreme north end. Construction of this dike as rebuilt, together with that of the east-westerly dike caused the next seasonal flood waters to be

held back, arrested and stayed from the area of Crutcho Park Addition, thereby diverting said flood waters onto and over plaintiffs' property in increased volume with greater depths from lesser degrees of recorded rainfall than prior thereto. These facts and the fact that plaintiffs suffered damage by reason thereof are practically undisputed as no apparent conflict exists in the evidence relative thereto.

In this connection, however, defendant contends that such damages as sustained by plaintiffs would have occurred had the dikes not been built; that the mere erection of the dikes was only a protective measure and had no bearing or effect upon the damage, if any, and that any excessive volume of water would be the result of the dikes built a greater distance upstream than those built by this defendant.

■ Following the above showing to the jury, the jury was allowed to view the property in company with the court bailiff and were reconvened, instructed, and rendered their verdict and the Court's judgment was based thereon. Therefore, the defendant's contention is not well taken. We must assume that the jury and court found plaintiffs' testimony to be true, though in some respects it is in conflict with the defendant's evidence, at least, there inheres in the judgment that such is true. We therefore conclude that the judgment is reasonably sustained by the evidence.

■ In this jurisdiction the law is settled that an area covered in time of normal flood by flood waters of a watercourse although without defined banks, constitutes a portion of that watercourse, Town of Jefferson v. Hicks, 23 Okl. 684, 102 P. 79, 24 L.R.A.,N.S., 214; Chicago, R. I. & P. R. Co. v. Groves, 20 Okl. 101, 93 P. 755, 22 L.R.A.,N.S., 802; Chicago, R. I. & P. R. Co. v. Taylor, 173 Okl. 454, 49 P.2d 721;

Garrett v. Haworth, 183 Okl. 569, 83 P.2d 822; Hatmaker v. Gripe, 184 Okl. 26, 84 P. 2d 418; Lowden v. Bosler, 196 Okl. 205, 163 P.2d 957; and, that a riparian landowner may take measures to protect himself generally from the harmful effects of flood waters, but it is fundamental that no one may change, divert, obstruct or otherwise interfere with the natural flow of a watercourse, without being chargeable in damages to persons and property injured thereby. Atchison, T. & S. F. Ry. Co. v. Hadley, 168 Okl. 588, 35 P.2d 463. Therein, in the first paragraph of the syllabus, we said:

"A riparian proprietor may lawfully erect and maintain any work or embankment to protect his land against overflow by any change of the natural state of the river and to prevent the old course of the river from being altered; but such a riparian proprietor, though doing so for his convenience, benefit, and protection, has no right to build anything which in times of flood will throw waters on the lands of another such proprietor so as to overflow and injure him."

That, as a question of fact, the defendant did change, divert, obstruct or interfere with the natural flow of the watercourse and thereby damage the property of plaintiffs inheres in the judgment, and under the settled law of this state, defendant was chargeable in damages for injuries so inflicted.

The judgment being reasonably sustained by the evidence, and not being contrary to law, we must affirm it.

Affirmed.

HALLEY, C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ.