KEEN v. BECKMAN BROS. & CO.

1. **Contract:** PARTLY WRITTEN—PARTLY IN PAROL: PAROL EVIDENCE TO SHOW PART IN PAROL: EXAMPLE. A contract may be partly reduced to writing, and partly exist by verbal agreement. In such a case the whole contract may be shown, and the rule that a written contract cannot be varied by oral evidence is not violated by the introduction of such evidence showing the parts of the contract not reduced to writing. Accordingly, where defendants (merchants) gave plaintiff a receipt in the following form: "Received of K. seven hundred dollars on deposit, in currency," *held* that defendants might show by parol on what terms they took the money—the receipt being silent as to that.

2. **Bailment:** DEPOSIT OF MONEY: LOSS BY BURGLARY: LIABILITY OF BAILEE. Plaintiff sued on a receipt made by defendants as follows: "Received of K. seven hundred dollars on deposit in currency." Defendants answered that they were merchants; that the money was left with them for plaintiff's accommodation, to be kept, without compensation, in defendants' iron safe, and without any right in defendants to use the money or to mingle it with their own; and that, while being so kept, the safe was broken open by burglars, and the money, with other money, was stolen, without any fault of defendants. *Held* that the answer set up a good defense.

*Appeal from Clayton District Court.*

WEDNESDAY, JULY 22.

ACTION at law to recover money deposited by plaintiff with defendants. A demurrer to defendants' answer was sustained, and, standing on their pleading, they appeal from a judgment for plaintiff.

*Noble & Updegraff*, for appellants.

*James O. Crosby*, for appellee.

BECK, CH. J.—I. The petition declares upon an instrument in writing in the following language:

"$700.   .   CLAYTON, IOWA, 1 June, '82.

"Received of Mrs. C. Keen seven hundred dollars on deposit, in currency.

"BECKMAN BROS. & CO."

Certain indorsements show payments of several sums at different dates. The petition alleges that no other payments have been made, and seeks to recover the balance due, after deducting the sums paid, with interest from a day when, it is alleged, demand for the money was made. No other averments are found in the petition. The answer, after a general denial of the allegations of the petition, presents the following defense: "(2) For further answer defendants aver that at the time said money was received from plaintiff and said receipt was given, defendants were, and still are, merchants in the town of Clayton, in the county of Clayton, Iowa; that the money mentioned in said petition was, in pursuance of an oral understanding and agreement between the parties, left by plaintiff with defendants for the accommodation of the plaintiff, and to be put into defendants' iron safe, and without any right in defendants to use the same, or to any compensation; that the money was placed in the safe and not mingled with other money, and, while being so kept, the said safe was broken open and robbed by persons unknown, and the said moneys, with others, feloniously carried away, without any fault or neglect on the part of defendants. Wherefore, defendants ask judgment for costs." A demurrer to the answer, upon the ground that it set up as a defense a parol agreement altering and varying the written contract, which the law will not permit, was filed.

II. In our opinion the demurrer was erroneously sustained. It will be observed that the instrument sued on is a simple acknowledgment of the receipt of money on *deposit*, without any stipulation for payment by the defendants, or

for the payment to them of compensation in any way. It simply shows that they did receive the money mentioned on *deposit*. Whether a general or special deposit,—*i. e.*, whether the defendants were bound, either as bailees or as bankers, to pay to plaintiff, upon demand, the amount of money named in 'the receipt, or whether they were bound to return, upon demand, the identical money deposited, does not appear in the instrument, and is not alleged in the petition. That either the one contract or the other could have been entered into by the parties cannot be doubted, and it may be said with equal positiveness that one or the other was entered into. The receipt is just as consistent with one as the other. If the first was the contract of the parties, defendants may be liable; if the second, they may not be.

Now, it is very plain, upon the face of the receipt itself, that the whole of the contract is not embodied in it. As we have said,—but repetition may present the idea more prominently and more plainly,—the word "deposit," used in the receipt, does neither imply that defendants are bound to pay absolutely the amount mentioned in the receipt, nor that they are to return the identical money they receive. The parties settled the meaning of the word by their agreement. It is a familiar rule that a contract may be partly reduced to writing and partly exist by verbal agreement. In such a case the whole contract may be shown, and the rule that a written contract cannot be varied by oral evidence is not violated by the introduction of such evidence showing the parts of the contract not reduced to writing. This is the precise case before us. The familiar rules upon which we base our conclusion need not the support of authorities to assure their recognition. Had the receipt expressed an obligation of the defendants to pay the amount named therein, it is probable that the law would have regarded the transaction as a general deposit; but in its absence no presumption arises to that effect. We conclude that defendants' answer presented a good defense, and that they ought to have been

permitted to allege and prove the real and whole agreement upon which the money was deposited with them.

The judgment of the district court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.