## ST. LOUIS & S. F. R. CO. v. FRASER.

No. 6606—Opinion Filed June 27, 1916.

On Rehearing, Sept. 9, 1919.

1. **Master and Servant—Federal Employers' Liability—Interstate Employment—Jury Question.**

In the trial of a cause arising under the federal Employers' Liability and Safety Ap-

pliance Acts (U. S. Comp. St., secs. 8657-8665, and sections 8605-8615, 8617-8619, 8621-8623), when there is testimony raising an issue of fact on the question as to whether or not the defendant railway company was at the time engaged in interstate commerce and whether or not the plaintiff at the time, of the injury was so engaged in interstate commerce, it becomes a question to be submitted to the jury for their determination.

### 2. Same—Evidence—Sufficiency.

The record shows that there was sufficient testimony tending to show that the plaintiff, as well as the defendant, at the time of the injury, was engaged in interstate commerce, to authorize the submission of this issue for the determination of the jury. Held, the court committed no error in overruling the motion for a directed verdict.

### 3. Same—Instructions.

Instructions submitted to the jury by the court examined, and found to fairly state the law as applicable to the facts; hence the court committed no prejudicial error in its instructions to the jury.

### 4. Trial—Requested Instructions.

The court having fairly covered the issues involved in its general instructions to the jury, held, did. not err in refusing to submit to the jury special requested instructions of the defendant.

### 5. Jury — Majority Verdict — Action Under Federal Employers' Act.

The court did not err in instructing the jury that nine or more of their number concurring could return a verdict; neither did the court err in refusing to instruct the jury that, because the cause of action arose under the federal Employers' Liability and Safety Appliance Acts (U. S. Comp. St. secs. 8657-8665, and sections 8605 8615, 8617-8619, 8621-8623), it would require a concurrence of the entire panel to render a verdict.

(Syllabus by Linn, C.)

Error from District Court, Carter County; S. H. Russell, Judge.

Action by Thomas C. Fraser against the St. Louis & San Francisco Railroad Company. From judgment for plaintiff, defendant brings error. Affirmed on rehearing.

R. A. Kleinschmidt and E. H. Foster, for plaintiff in error.

Johnson & McGill and W. F. Bowman, for defendant in error.

LINN, C. The parties will be designated as they were on the docket of the trial court.

The plaintiff, Thomas C. Fraser, instituted suit in the district court, basing his cause of action upon the federal Employers' Liability and Safety Appliance Acts (U. S. Comp. St., secs. 8657-8665, and sections 8605-

8615, 8617-8619, 8621-8623), claiming damage as the result of an accident caused by the negligence of the defendant while engaged as an employe in interstate commerce. The injury occurred while switching cars in the town of Ft. Towson, on the line of road owned and operated by the defendant running from Ardmore, Okla., to Hope, Ark. The plaintiff's testimony tended to show that,, after they had finished switching the cars on the house track, he went to the main track, where a portion of the crew were trying to make a coupling; that three or four efforts were made to couple the cars, but that they were unable to make the coupling; that he signaled the fireman, and the train was. pulled up; that the coupler was an old coupler, and raised or opened with a lever; that he worked the lever two or three times, and saw it would not open; that he and the conductor and another brakeman gave the signal to the fireman to back up and stop, and it was while it was stopped that he went. in to adjust the coupling; that the only way he knew the fireman saw his signal was that he answered his signal by stopping; that the coupler was an old one, and it was the second time he had ever seen one like it; that it was what is called a "side puller"; that he never signaled the fireman to move after he had signaled him to stop; that he then turned to go to a car just west of him, and as he turned the engineer pulled up and hit him, knocked him down, and he fell on his back and was injured; that they had some cars in the train for Hope, Ark.; and that it was an interstate train they were making up at the time of the injury.

There was but little controversy as to the manner in which the plaintiff was injured. There was testimony on the part of the defendant tending to show the plaintiff guilty of contributory negligence and violation of some of the rules of the company, and that there were no cars in the train the destination of which was beyond the state line. These were controverted questions of fact and were submitted to the jury. The questions raised on this record require a consideration of assignments of error 5, 6, and 8, which present for consideration: First, errors asserted in overruling the defendant's motion for peremptory instruction; second, in retaining jurisdiction of the cause, since it is said that the evidence showed that the train upon which plaintiff was working was a local train, and was not engaged in interstate commerce; and in refusing to submit to the jury requested instruction No. 29.

It is the contention of the defendant that it affirmatively appears from the undisputed

evidence that the cause was not one arising under the Employers' Liability Act, for the reason the defendant was not at the time of the alleged injury engaged in interstate commerce, and that plaintiff at such time was not engaged in interstate commerce. We are of the opinion that this contention is not supported by the record. While it is not entirely clear that the train, or some of the cars in the train in question, was destined for points beyond the limit of the state, yet there was sufficient testimony on this point to raise an issue of fact and the court did not err in submitting this issue to the jury.

Under this assignment it is further contended that, even if there were sufficient evidence to submit this issue to the jury, the court erred in refusing to give instruction No. 29. This instruction was framed by counsel for the defendant as applicable to the facts in submitting this point to the jury. It seems the trial court found no particular objection to the instruction as framed, but refused to submit the same to the jury, for the reason that issue had been covered by appropriate language in the court's general charge, in an instruction as follows:

"You are instructed that the first question to be determined by you, after entering upon your deliberations, is whether the plaintiff, at the time he sustained the injuries alleged, was employed by the defendant in interstate commerce. In order to so find, it is incumbent upon the plaintiff to establish by a fair preponderance of the evidence that he was at the time of the alleged injuries actually engaged in assisting in the movement or transportation of a car or cars of freight destined for movement from a point in one state to a point in another state. It is immaterial whether there was any freight in any of the other cars of the train that was to be transported between interstate points; but plaintiff must show by a fair preponderance of the evidence that the car or cars that he was engaged in switching at the time of the injury, or the freight in such cars, was destined for movement between interstate points. If you so find, then the act of Congress of April 22, 1908, will apply to this case. If, on the other hand, plaintiff has not proven that he was employed in interstate commerce at the time of the injury, then the act of Congress of April 22, 1908, would not apply in this case, and in such event the plaintiff cannot recover."

The criticism lodged against this instruction is that it did not give the jury a clear understanding as to what was meant by the term "interstate commerce," and for this reason it was error for the court to refuse the instruction requested. We are unable to agree with counsel, but we are of the opinion

that, taking this instruction as a whole, the jury could not have reasonably misconstrued its purport. The court specifically, in clear and unequivocal language in this instruction, told the jury it was necessary for the plaintiff to show that he was engaged in assisting in the transportation of cars or freight destined for movement from a point in one state to a point in another state. Therefore the court committed no error in submitting this issue to the jury, nor in refusing to give the requested instruction nor in giving the instruction quoted. St. L. & S. F. R. Co. v. Brown, 45 Okla. 143, 144 Pac. 1075.

There is no merit in the contention of the defendant, made under assignment of error No. 5, that there was no testimony of negligence warranting the court in submitting this issue to the jury. St. L. & S. F. R. Co. v. Brown, supra. Assuming plaintiff's testimony to be true, and, the jury having found in his favor, it must be assumed to be true, we think it strongly tends to show negligence in the employes of the defendant company in charge of the train resulting in the injury complained of, and we might say the same regarding the second and third points made under this assignment.

It is next contended that the plaintiff could not recover for the reason it affirmatively shows that he was violating rule of the company No. 636, at the time of the injury. This rule has reference to the signals given to the engineer, and provides that an employe must not assume that such signals have been seen; and as we said in regard to plaintiff's testimony, if it is true, then there can be but little doubt that his signal was seen, for he testifies that it was acted upon by the fireman and engineer, and of course it would not be an unwarranted assumption that if the signal was obeyed, it must have been seen.

It is next contended that the court should have submitted to the jury requested instructions Nos. 15 and 21. We are of the opinion that the court fairly covered this point in instructions 6 and 11 of the general charge, as the court plainly told the jury in these instructions that it was the duty of the plaintiff to obey the rules of the company, and that if his injuries were due to or contributed to by his disobedience of such rules, such would constitute contributory negligence; and further told the jury in part of paragraph 11, that if the train was in motion when the plaintiff went between the cars, by reason of which he received the injuries, he would not be entitled to recover.

It is next insisted that the court committed error in submitting to the jury instruction

No. 8. This is practically the instruction submitted to the jury in the case of St. L. & S. F. R. Co. v. Brown, supra, which was held by this court to be without error, and the decision of this court was on May 22, 1916, affirmed by the federal Supreme Court, and a similar instruction to this one was affirmed and held by that court to be specifically in the language of the statutes.

It is next contended that the court committed error in refusing to instruct the jury that a concurrence of all the jurors was essential to a verdict, and in instructing the jury that a verdict might be rendered by nine or more of their number. This point was also raised in the case of St. L. & S. F. R. Co. v. Brown, supra, and held to be without merit by the federal Supreme Court. Minneapolis & St. L. & S. F. R. Co. v. Bambolis, 241 U. S. 211, 36 Sup. Ct. 595, 60 L. Ed. 961, L. R. A. 1917A, 86, Ann. Cas. 1916E, 505.

We might say that the facts in this case are very similar to the facts in the case of St. L. & S. F. R. Co. v. Brown, supra, and the instructions of the court given in the case were very similar to the instructions given in this case.

Finding no merit in any of the contentions made by the defendant, the judgment of the trial court should be affirmed; and it is so ordered.

### On Rehearing.

PER CURIAM. On rehearing this cause, and upon a careful re-examination of the record, the court is convinced that the opinion of Commissioner LINN, filed June 27, 1916, affirming the cause, was a correct and proper disposition of same. Therefore the opinion is adhered to and the judgment of the lower court affirmed