**CITIZENS' BANK OF HEADRICK v. CITIZENS' STATE BANK OF ALTUS et al.**

No. 8639—Opinion Filed May 27, 1919.

Rehearing Denied July 22, 1919.

(Syllabus by the Court.)

**1. Banks and Banking—Deposit Slip as Evidence—Conclusiveness.**

A deposit slip issued by a bank is but prima facie evidence that the bank received the amount of the deposit on the date shown by the deposit slip. It has the same force and effect as that of any other form of receipt, and is open to explanation as to the conditions surrounding the deposit, and the circumstances under which it was given may be inquired into.

**2. Appeal and Error—Continuance — Review.**

An assignment of error that the court erred in refusing to grant plaintiff a continuance of the cause will not be considered, when an examination of the record discloses that no motion for a continuance was filed, and that the plaintiff announced ready and proceeded to the trial of the cause without objection.

**3. Trial—Requested Instructions.**

Where the courts instruct the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions.

Error from District Court, Jackson County; Jesse M. Hatchett, Assigned Judge.

Action by the Citizens' Bank of Headrick against the Citizens' State Bank of Altus and the Oklahoma State Bank of Altus. From judgment for plaintiff, it brings error. Affirmed.

John D. Rogers, for plaintiff in error.

Robinson & Whiteside, for defendant in error Citizens' State Bank of Altus.

Everett Petry, for defendant in error Oklahoma State Bank of Altus.

RAINEY, J. This action was instituted by the Citizens' Bank of Headrick, plaintiff in error, plaintiff below, against the Citizens' State Bank of Altus, to recover for an alleged deposit made by the plaintiff in error in said bank. Subsequently, by amended pleadings, the Oklahoma State Bank of Altus was also made a party defendant in the action. The cause was tried to a jury, resulting in a judgment for the plaintiff against the Citizens' State Bank of Altus for $25, and the Oklahoma State Bank of Altus for $6.12, from which judgment the Citizens' Bank of Headrick has appealed to this court.

Hereafter the parties will be referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

The facts of the case, as shown by the record, briefly, are that on or about the 8th day of October, 1910, the plaintiff, acting through its then president, J. E. Ernst, borrowed from the defendant Oklahoma State Bank $2,000, which it agreed to repay on demand, and as a part of the same transaction it was agreed by and between the parties that said money should be left on deposit with the Oklahoma State Bank as a part of its legal reserve and should not be subject to check or demand by the plaintiff, and, in order to secure the defendant in the event said money should be drawn on by the creditors of the plaintiff in any proper proceedings for that purpose, J. E. Ernst executed and delivered to the defendant bank his individual note in the sum of $2,000, and it was further understood by and between the parties that the plaintiff bank should not draw on or make demand for the credit so given unless the note of the said J. E. Ernst be paid in full. This note became due about October 7, 1911, and was not paid, and the parties entered into a further contract of similar purport, except that a further credit of $500 was extended to the plaintiff bank; the said J. E. Ernst executing his note to the Oklahoma State Bank for $2,500, and at the same time gave a mortgage on some lots as further security for said indebtedness. Thereafter, and on or about the 3d day of July, 1912, the Oklahoma State Bank, preparatory to quitting business and liquidating its affairs, entered into a contract with the Citizens' State Bank of Altus, whereby the last-named institution took over certain of the assets and liabilities of the first-named bank, among others being the deposit in question, together with the note and mortgage executed by Ernst. The latter bank, having been made familiar with the conditions of the deposit, agreed to accept said deposit only according to said conditions.

The four assignments of error presented in the brief of counsel for plaintiff are as follows:

"(1) Error of the court in overruling the demurrer of the plaintiff to the answer of the defendant the Citizens' State Bank of Altus, Okla.

"(2) Error of the court in refusing to grant plaintiff in error a continuance at said term of court at which this cause was tried, on account of the jury panel being disqualified to serve as jurors in said cause.

"(3) Error of the court in admitting evidence on the part of defendants over the objections and exceptions of plaintiff.

"(4) Error of the court in instructing the jury and in refusing to give certain requested instructions."

Plaintiff's first and third assignments may be considered together, for under the first it contends that the pleadings did not state a defense, and under the third that the evidence admitted by the court explaining the nature of the deposit was inadmissible. The general rule is that stated by this court in the case of American National Bank of Stigler v. Funk, 68 Oklahoma, 172 Pac. 1078, L. R. A. 1918F, 1437. The first paragraph of the syllabus is as follows:

"A deposit slip issued by a bank is but prima facie evidence that the bank received the amount of the deposit on the date shown by the deposit slip. It has the same force and effect as that of any other form of receipt, and is open to explanation as to the conditions surrounding the deposit, and the circumstances under which it was given may be inquired into."

See, also, Hough v. First Nat. Bank of Oelwein, 173 Iowa, 48, 155 N. W. 163; Keen v. Beckman et al., 66 Iowa, 672, 24 N. W. 270; First Nat. Bank of Union Mills v. Clark, 134 N. Y. 368, 32 N. E. 38, 17 L. R. A. 580; Davis v. Lenawee County Savings Bank, 53 Mich. 163, 18 N. W. 629; Stair v. York National Bank, 55 Pa. 364, 93 Am. Dec. 759.

Counsel for plaintiff concedes this to be the general rule, but is under the impression that the facts in the case at bar do not bring it within the rule, and in support of his position says that the defendant Oklahoma State Bank should not be permitted to contend that the deposit was a conditional one, since it carried it on its books for a long time as a deposit due and owing to the plaintiff without condition of any kind, and that when the account was later transferred to the Citizens' State Bank, and that bank continued to use the books of the said Oklahoma State Bank and later transferred its account to a new book, it became a written contract to pay and was not open to explanation by parol evidence. No authorities are cited in support of this view, and we have been unable to find any which take this case out of the general rule. We agree with counsel that the way the account originated was not in accord with good banking, and doubtless had the effect of deceiving the bank commissioner, as it was reported to the banking departments as an asset of the plaintiff bank and a liability of the defendant bank; but when it is conceded, for the sake of argument, that these banks were not authorized to create a fictitious account it does not help plaintiff's case. The account was created at the instance of its own officer, and it will not be permitted to receive the benefit of his acts and at the same time be relieved of its burdens. Plaintiff had not actually deposited any money in the defendant bank, and it cannot take advantage of its own wrong, and certainly can-

not be held to be a depositor in good faith. notwithstanding the fact that the defendant banks were parties to such wrongful conduct.

There is no merit in plaintiff's second assignment of error, wherein it is urged that the court erred in refusing to grant the plaintiff in error a continuance. We have carefully examined the record and fail to find that any such motion was filed; but, on the contrary, when the case was called for trial both plaintiff and defendants announced ready for trial, and no objection whatever was made to the jury panel.

We have carefully examined the instructions given by the court, and find that the issues were fairly and correctly submitted to the jury. Particular complaint is made of the following instruction:

"If you believe from the evidence that, when the Citizens' State Bank of Altus assumed the payment of this deposit to the plaintiff, it agreed to pay only such sum thereon as it collected from J. E. Ernst on his note, then it would not be liable to the plaintiff for any sum except the $25 which it has tendered. The vital question on this phase of the case is: Upon what condition and by what character of agreement did the defendant the Citizens' State Bank of Altus assume and agree to pay this deposit? On this issue the burden of proof is on the defendant Citizens' State Bank."

We do not think this instruction was prejudicial, as it was based upon the evidence, the testimony of the officers of the Citizens' State Bank being that when the deposits of the Oklahoma State Bank were taken over, it objected to taking over this deposit, whereupon it was notified by the Oklahoma State Bank of the fact that said deposit was conditional and was to be paid only out of the proceeds of the J. E. Ernst note. The Citizens' State Bank collected $250 on the Ernst note, and had theretofore paid plaintiff's draft on it for $225. The deposit was conditionally made, and nothing had transpired to change the nature thereof, and, while we do not hold that the liability of the Citizens' State Bank rests on its agreement with the Oklahoma State Bank, we are of the opinion that, since the deposit was shown to be conditional, the error, if any, in the instruction, was harmless.

We have examined the specially requested instructions, and, in so far as correct propositions of law are stated therein, they are covered in the general charge.

After a careful consideration of all the evidence in the case, we are of the opinion that the jury returned the only verdict that it could under the law, and the judgment is therefore affirmed.

OWEN, C. J., and KANE, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.

(Syllabus by the Court.)