**HARWELL, KING & CO. et al. v. DUNCAN BROS.**

No. 9898—Opinion Filed Dec. 21, 1920.

(Syllabus by the Court.)

**1. Trial—Instructions—Refusal of Requests.**

Refusal of the court to give requested instructions is not error when the legal propositions involved in the requested charges are completely covered by instructions given by the court.

**2. Appeal and Error — Verdict — Sufficiency of Evidence.**

Where the evidence reasonably supports the verdict and the verdict is approved by the trial court, this court will not disturb such verdict, notwithstanding the evidence in the case is in irreconcilable conflict.

Error from District Court, Grady County; Will Linn, Judge.

Action by Duncan Bros., a partnership composed of W. M. and L. L. Duncan, against Harwell, King & Company, a partnership composed of W. C. Harwell and T. C. King, as partners, and W. C. Harwell and T. C. King, as individuals, on account. Judgment for plaintiffs, and defendants bring error. Affirmed.

F. E. Riddle and Harry Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

COLLIER, J. Defendants in error, Duncan Bros., of Cyril, Okla., hereinafter styled plaintiffs, began this action against the plaintiffs in error, hereinafter styled defendants, to recover the sum of $1,265.15, a balance claimed to be due on account of the consignment of 106 bales of cotton to defendants by plaintiffs.

The answer of the defendants admits that they received from the plaintiffs the said 106 bales of cotton upon which they advanced the sum of $6,500, and that there remained after the payment of said advance of $6,500 the sum of $1,265.15, and alleges that the said $1,265.15 was, on direction and with approval of plaintiffs, invested in the purchase of 100 bales of future cotton, and that cotton declined and that said $1,265.15 was lost, and that therefore they are not indebted to the plaintiffs in any sum.

The plaintiffs replied, denying that they authorized the said defendants to invest said sum of $1,265.15 in the purchase of future cotton, or ever ratified such purchase.

The undenied evidence discloses that the defendants were engaged in the cotton business, and rendered an account to the plaintiffs, showing balance due on account of sale of 106 bales of spot cotton in the sum of $1,265.15, which account was received by the plaintiffs, and after the receipt of said statement one of the plaintiffs was called by the defendants and requested to put up additional margin of $1,000 and was informed that if they did not do so, they would have to close out said future cotton deal; that one of the plaintiffs replied that they had no $1,000, and that it would be useless for them to draw a draft on them for that amount, as it would be turned down, and that one of the plaintiffs would come down on the evening train and see about this trouble.

One of the plaintiffs testified that, on the day succeeding the said telephone conversation, he, representing said plaintiffs, came to Chickasha and went to the office of defendants, and had an interview with some of the members of the said firm of Harwell, King & Co., and at said interview said defendants did not claim to have been authorized to invest the said $1,265.15 in future cotton, and that plaintiffs did not know that the defendants had used the said $1,265.15 to buy cotton futures until the said morning when in the office of defendants, and when Mr. Harwell, one of said defendants, directed that said cotton futures be closed out; that later he, the witness, went back to the office of defendants and saw Mr. King, one of said defendants, and told him that it looked like the defendants owed Duncan Bros. $1,265.15, and Mr. King replied they would never pay it; and said witness denied most positively that the plaintiffs had ever had a settlement with defendants for said 106 bales of cotton consigned by plaintiffs to defendants or paid said $1,265.15 to plaintiffs. This witness further testified that he had never, as the representative of the plaintiffs, bought or sold a bale of future cotton. This witness also testified that plaintiffs had received from defendants a letter of the following tenor:

"Chickasha, Okla. 31 January 1917.
"Messrs. Duncan Bros.,
"Cyril, Okla.

"Dear Sirs: We beg to advise you that we yesterday sold your 106 bales for 15.40c Hog Round, and enclose you herewith statement showing $1265.15 due you. Against this sale we bought 100 bales May cotton at 17.40c.

"Yours truly,
"Harwell, King & Co. Per G. B."

This witness further testified that at the time plaintiffs received said letter plaintiffs did not know that defendants had used the said $1,265.15 to buy cotton futures; that they did not know that defendants were dealing in future cotton, and supposed said letter referred to spot cotton.

The positive testimony of the defendants was that the defendants had had previous consignments of cotton from the plaintiffs, who were ginners and cotton buyers, and in handling said consignments that defendants had bought future cotton for plaintiffs which had resulted in a profit, which profit had been paid to them; that the $1,265.15, with the exception of possibly 15 cents, the balance due from the sale of the 106 bales of cotton consigned to them by the plaintiffs, was lost by the purchase of 100 bales of future cotton, which was purchased and closed out in the name of the defendants, being purchased on account of the plaintiffs and with their approval, and upon the closing of said future cotton deal that they, in their office in the presence of others, had a full and complete settlement with the plaintiffs on account of said consignment of 106 bales of cotton, and were not indebted in any amount, except some 15 or 20 cents, and that said cotton future deal was done in their name, and not in the name of the plaintiffs, because it was more advantageous to plaintiffs to so handle the deal.

The defendants requested the court to give the jury the following instructions:

"Gentlemen of the jury, you are instructed that if you believe that plaintiffs left the $1,265.15 with defendants with instructions to invest same in the purchase of 100 bales of future cotton, then you are instructed the law would be for defendants and you should so find."

"You are instructed, gentlemen of the jury, that if you find and believe from the evidence that after the delivery of the bill of lading for 106 bales of cotton by the plaintiffs to the defendants, the defendants sold said cotton on plaintiffs' account, and after crediting plaintiffs' account with the sum of $6,500. they then purchased 100 bales of futures, May delivery, for plaintiffs' account, and if you further believe that plaintiffs understood at the time of delivery of said 106

bales of cotton to the defendants, it was the intention of said defendants to so sell 106 bales of cotton and purchase 100 bales of futures, and if you further believe from the evidence that on account of the decline in the market the defendants sold said futures at a loss and that plaintiffs consented to said sale, or after being advised thereof acquiesced therein, and thereupon plaintiffs and defendants had a settlement in regard to said transaction whereby it was mutually agreed that plaintiffs would take their losses, then in such event your verdict will be for the defendants."

The court refused to give each of said instructions, and the defendants excepted.

Upon the coming in of a verdict for the plaintiffs for the amount sued for, $1,265.15, the defendants filed a motion and an amended motion for a new trial, which was overruled and exception taken to same.

Several errors are assigned in the petition in error, but the only alleged errors assigned and insisted upon in the plaintiffs in error's brief are: "The insufficiency of the evidence to support the verdict rendered"; "The refusal of the court to give the instructions requested"; and the "Overruling of the amended motion for a new trial." The errors assigned which are not considered in brief of plaintiffs in error will be regarded as abandoned.

The plaintiffs in their reply to the petition of the defendants set up "That if the said sale of 100 bales of future cotton was made, said contract was a speculation in cotton futures and not a bona fide purchase, and was in violation of and contrary to the laws of the state of Oklahoma, was absolutely null and void, and these plaintiffs were not a party thereto"; but this issue is not discussed in either of the briefs in this case, and hence it is unnecessary to, and we do not, pass upon said question.

There is only one question of fact involved in this controversy: Was the said 100 bales of future cotton purchased for account of plaintiffs and at their request, or, after being advised of such purchase, did they approve the same? Upon this question the evidence is in irreconcilable conflict; but there being sufficient evidence to support the verdict and this verdict having been approved by the trial court in denying a new trial, it is the unbroken rule of this court not to disturb such verdict.

"The weight to be given the evidence is a matter left to the jury, and a verdict based on conflicting evidence will not be disturbed, when the evidence reasonably tends to support the verdict." Tulsa Hospital Ass'n v. Juby, 73 Oklahoma, 175 Pac. 519.

"It is not error for the court to refuse a requested charge when the same proposition is covered by the instructions given, and which, taken as a whole, fairly submit to the jury the law applicable to the case." Holmes v. Halstid, 76 Okla. 31, 183 Pac. 969.

We have carefully considered the general instructions of the court, and the requested instructions of the defendants hereinbefore set out, which were refused by the court, and are of the opinion that the said requested instructions are covered by the general instruction of the court, which, while not in the same language, are in effect the same, and, therefore, the refusal to give each of such instructions was not error.

"Where the court instructs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions." Citizens' Bank of Headrick v. Citizens' State Bank of Altus, 75 Okla. 225, 182 Pac. 657.

"The court having fairly covered the issues involved in its general instructions to the jury, held, did not err in refusing to submit to the jury special requested instructions of the defendant." St. L. & S. F. R. Co. v. Fraser, 75 Okla. 265, 183 Pac. 478.

We are unable to see that the court erred in overruling the motion for a new trial.

Judgment of the trial court is affirmed.

All the Justices concur.