## MUSKOGEE ELECTRIC TRACTION CO. v. JACKSON.

No. 10909—Opinion Filed Jan. 30, 1923.

(Syllabus.)

**1. Trial—Directing Verdict.**

It is only when the evidence, with all the inferences the jury could reasonably draw therefrom, would be insufficient to sustain a verdict for the plaintiff, if a verdict in his favor is returned, that the court is authorized to direct a verdict for the defendant.

**2. Trial—Instructions—Sufficiency.**

If the court's instructions, considered as a whole, fairly present the law applicable

to the facts in the case, and there is no conflict in the different paragraphs of such instructions, this is sufficient.

### 3. Same—Refusal of Requests.

Where the court instructs the jury clearly, fairly, and fully upon the issues presented in a case, it is not error to refuse to give any and all requested instructions.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Sallie W. Jackson against the Muskogee Electric Traction Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

J. H. Maxey, Christy Russell, R. N. Maxey, and C. A. Summers, for plaintiff in error.

G. W. P. Brown and R. Emmett Stewart, for defendant in error.

NICHOLSON, J. This was an action for personal injuries alleged to have been sustained by the plaintiff below, the defendant in error, while attempting to alight from a street car operated by the defendant below, the plaintiff in error. The parties will hereafter be referred to as they appear in the trial court.

The plaintiff, who is a negro woman weighing 200 pounds and teacher in the negro schools of Muskogee, based her right of recovery upon the negligence of the employes of the defendant in suddenly starting the street car from which she was attempting to alight, thereby throwing her to the pavement, causing injuries which she alleged were permanent, and for which she asks damages in the sum of $2,050.

The answer consists of a general denial, a special denial of negligence on the part of the defendant, and the defense of contributory negligence. A trial resulted in a verdict for the plaintiff for the sum of $100, upon which judgment was duly entered, and to review which the defendant has appealed.

The defendant rests its contention for a reversal of the judgment upon the refusal of the trial court to give certain instructions requested by it; the first being a peremptory instruction in its favor.

The evidence is conflicting; that on behalf of the plaintiff tending to support the allegations of negligence on the part of the defendant's employes, while the evidence on behalf of the defendant is in conflict therewith. It is only when the evidence, with all the inferences which might reasonably be drawn therefrom, would be insufficient to sustain a verdict for the plaintiff, if a verdict in her favor had been returned, that the court would be justified in directing a verdict for the defendant. Fidelity Mutual Life Ins. Co. v. Stegall, 27 Okla. 151, 111 Pac. 389; Midland Saving & Loan Co. v. Sutton, 30 Okla. 448, 120 Pac. 1007; Missouri, O. & G. Co. v. Miller, 45 Okla. 173, 145 Pac. 367; Hooker Tobacco Co. v. Walker, 38 Okla. 47, 131 Pac. 537. The evidence being sufficient to support the verdict of the jury, the defendant was not entitled to a directed verdict.

It is next urged that the court erred in refusing to give defendant's requested instructions Nos. 2 and 3, both of which go to the question of contributory negligence, No. 3 defining ordinary care. It is insisted that this instruction should have been given, because the court did not in its instructions define ordinary care.

The plaintiff's evidence was to the effect that the car on which she was a passenger stopped at a street intersection for the purpose of discharging passengers; that while said car was so stopped, the plaintiff attempted to alight therefrom, and when she had one foot on the ground and one on the step the car was suddenly started, and by reason thereof the plaintiff was jerked or thrown to the pavement and injured. The testimony of the witness for the defendant was to the effect that the car did not stop at the street intersection, and that the plaintiff attempted to alight while the car was in motion.

The court by its instruction No. 8, which was not excepted to by the defendant, instructed the jury that if it found that the plaintiff was a passenger on one of the defendant's street cars, and that said car stopped for the purpose of discharging passengers, and while said car was so stopped the plaintiff started to alight therefrom, but before she had time to so alight in safety, the car was started, and by reason of such starting, the plaintiff was jerked or thrown to the pavement and thereby injured, the verdict should be for the plaintiff, unless it was found that the plaintiff was guilty of contributory negligence as therein defined. But on the other hand, if the jury believed from the evidence that the plaintiff attempted to alight from said car while the car was in motion, and without giving the conductor or the employes of the defendant in charge of said car notice of her intention to do so, then the defendant would not be guilty of negligence, and the verdict should be for the defendant.

By the court's instruction No. 9, which was not excepted to, the court fairly defined contributory negligence.

It is true that nowhere did the court define ordinary care, but, as we view the case, this was not necessary, in the light of the court's instructions. The court instructed the jury that if the facts as testified to by the witness for the defendant existed, plaintiff could not recover, while on the other hand, if it found that the facts testified to by plaintiff's witnesses existed, she was entitled to recover.

It is so apparent that attempting to alight from a street car while it was in motion would constitute contributory negligence on the part of a passenger, and would so clearly show want of ordinary care, whether such passenger be a negro women weighing 200 pounds, or the most seasoned athlete, that a definition of the term "ordinary care" would be superfluous. The instructions as a whole fairly presented the law applicable to the facts, and were sufficient (Chickasha Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1116; C. R. I. & P. Ry. Co. v. Johnson, 71 Oklahoma, 175 Pac. 494; Slick Oil Co. v. Coffey, 72 Oklahoma 177 Pac. 915; and this being true, it was not error for the court to refuse the requested instructions. Citizens' Bank of Headrick v. Citizens' Bank of Altus, 75 Okla. 225, 182 Pac. 657.

The judgment of the trial court is affirmed.

All the Justices concur, except PITCHFORD, C. J., and KANE, J. not participating.