**SALLEE v. CRADDOCK.**

No. 21437. Opinion Filed Nov. 10, 1931.

Geo. W. Boone and Byron V. Boone, for plaintiff in error.

B. F. Ingraham, for defendant in error.

CULLISON, J. Defendant in error, as plaintiff, instituted suit against plaintiff in error, as defendant, to recover damages alleged to have been received in an automobile accident. Plaintiff's first cause of action was for damage received personally and second cause of action was damage to his automobile. The defense of defendant was that the accident was due to plaintiff's own negligence. The case was tried to a jury and resulted in a verdict in favor of plaintiff.

The defendant appeals and alleges as error:

"The refusal of the trial court to give certain requested instructions offered by defendant and refused by the trial judge."

The evidence discloses that the accident in question was a collision between two automobiles at a street intersection in Tulsa, Okla. The question involved is, which car had the right of way, and an interpretation of our laws relative to the rules of the road. The only error raised and discussed by defendant in his brief is the failure of the court to give the requested instructions Nos. 2 and 4 requested by defendant. The trial judge instructed the jury and covered the law in the case at bar in 23 instructions given the jury.

The two instructions refused have been covered by other instructions in whole or in part given by the court to the jury. No essential element of law of the case sufficient to warrant a reversal was set out in the requested instructions, and none overlooked by the trial judge in his charge to the jury.

After considering the instructions given, the evidence, and the pleadings in the case in connection with the requested instructions, we conclude that the charge given to the jury by the trial judge fairly covers the law of the case, and the court committed no error in refusing to give the instructions requested. There was no exception taken to any of the instructions given by the trial court.

In the case of Producers' & Refiners' Corporation v. Castile, 89 Okla. 261, 214 P. 121, this court held:

"It is well settled that, if the instructions given by the court, taken together and considered as a whole, fairly present the law of the case, and there is no material conflict between the different paragraphs thereof, this will be sufficient. It is also well settled that, where the court instructs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions. Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 P. 1166; Chicago, R. I. & P. Ry. Co. v. Johnson, 71 Okla. 118, 175 P. 494; Slick Oil Co. v. Coffey, 72 Okla. 32, 177 P. 915; Citizens' Bank of Headrick v. Citizens' State Bank of Altus, 75 Okla. 225, 182 P. 657; Muskogee Electric Traction Co. v. Jackson, 88 Okla. 184, 212 P. 416."

Having considered the only specification of error raised by defendant and having determined that the same is insufficient to warrant the reversal of this case, the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. McNEILL, J., disqualified. SWINDALL, J., absent.

Note.—See under (1) annotation in 2 L. R. A. (N. S.) 310; 14 R. C. L. 752; R. C. L. Perm. Supp. p. 3659; R. C. L. Pocket Part, title Instructions, § 22.