## HELMERICK & PAYNE, Inc., v. GREEN.

No. 28353. May 17, 1938.

Rehearing Denied June 21, 1938.

Pryor & Sandlin and C. E. Wilson, for plaintiff in error.

R. L. Busey, for defendant in error.

HURST, J. This is an action to recover for damage alleged to have been caused by the pollution of a stream occasioned by the operation of an oil and gas well owned by defendant. Plaintiff alleged that defendant operated a well on the watershed lying above plaintiff's land, and permitted salt water and other poisonous substances to escape into a stream running from defendant's premises down across the land occupied by plaintiff. Plaintiff, holding the premises under a year to year lease, sought to recover on four causes of action, the second of which was dismissed at the trial. For his first cause of action plaintiff prayed for damages in the sum of $400 for loss of the use of the stream for stock water purposes. For his third cause of action he sought to recover the sum of $208 for expenses sustained in hauling water for domestic purposes. For his fourth cause of action he prayed for $425 for the loss of ten head of cattle. Defendant's answer was in substance a general denial and a further defense of contributory negligence. The jury returned a verdict in favor of plaintiff for $250, upon which judgment was rendered, and defendant brings this appeal.

■ Defendant's first contention is that the trial court erred in giving instructions Nos. 10, 11 and 14. The argument under this contention is that the court did not correctly instruct the jury as to the measure of damages. The court told the jury in instruction No. 10 in substance that should they find that the pollution as alleged caused the water to be unfit for stock purposes, they should fix the amount of recovery at such sum as would reasonably compensate plaintiff, not to exceed $400. Instruction No. 11 was a similar instruction pertaining to the loss of water for domestic purposes. The court then gave the jury instruction No. 14, as follows:

"Should you find for the plaintiff for the loss of such pasture, you will take into consideration, as the measure of damages, the reasonable market value of said pasture prior to and immediately subsequent to said pollution, if any, and his damage will be the difference in such values. Should you find for the plaintiff on his second cause of action for the use of said water for domestic purposes, you may take into consideration the value of said water for said purposes prior to said pollution and subsequent thereto and fix the amount of his recovery at the difference in such values. Should you find for the plaintiff on his cause of action for loss of stock, then in arriving at the amount of said damage, you are told that the measure of damage is the fair cash market value of the stock that died."

The defendant argues that the correct measure of damages is the depreciation in the rental value of the realty, together with such special damages as may be proved, and cites Oklahoma City v. Tyetenicz (1935) 175 Okla. 228, 52 P.2d 849. He contends that the evidence did not justify an instruction for the loss of any cattle as special damages, and that therefore there was only one proper measure of damages, the depreciation in rental value, and the court erred in instructing the jury on three measures of damage. There is competent evidence that plaintiff's premises consisted of 240 acres and that the depreciation in rental value before and after the pollution, as a result of the loss of the water for stock purposes, was 50 cents an acre. There is evidence that plaintiff lost three milk cows, four yearlings, and three calves; that the fair cash market value of the milk cows was $75 each, the yearlings $35 each, and the calves $20 each. There was further evidence that the stream in question was the only source of water supply for the cattle, and that, although the grass was good, the cattle got thin, their hair remained long and rough, and they had the scours. An expert witness testifying on behalf of plaintiff explained to the jury that these are some of the symptoms preceding death of cattle caused by drinking salt water. Also there was testimony that the stream was polluted with salt water from the well of defendant, but there was no evidence as to the salt content. The evidence was conflicting in practically all of the matters just referred to, and there was no direct testimony that the cattle died as a result of drinking from the stream. But, considering all of the evidence pertaining to the death of the cattle adduced on behalf of plaintiff, we think there was competent evidence from which the jury could infer that the cattle died as a result of drinking from the stream polluted by defendant. Under such circumstances there is competent evidence tending to show the damages alleged in connection with the loss of the cattle, and the court did not err in giving an instruction on special damages. It is not necessary to decide whether the instruction regarding the loss of the pasture and loss of the water for domestic purposes was a correct statement of the measure of damages for damage to plaintiff's leasehold estate. The defendant did not request the court to give an instruction stating the

measure of damages, nor does the defendant assign as error that the verdict is excessive. It is well settled that where there is competent evidence tending to show the damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's instructions do not accurately define the measure of damages. Burden v. Stephens (1935) 174 Okla. 312, 49 P.2d 1098.

■ Defendant's second contention is that the court erred in overruling defendant's demurrer to the evidence and motion for directed verdict, and in giving instruction No. 12 pertaining to the cause of action for the loss of the cattle. The argument here is that there is no evidence of proximate cause sufficient to permit the case to go to the jury. From what we have said with regard to the circumstances pertaining to the death of the cattle, we think the evidence was sufficient. The rule is that if there is any competent evidence reasonably tending to establish plaintiff's cause of action, a demurrer thereto and motion for directed verdict should be overruled. Evans v. Burleson (1927) 127 Okla. 290, 260 P. 743. The instruction complained of is without objection. The jury was required to find, among other things, that the "cattle have died by reason of drinking" from the stream.

■ Defendant next contends that the court erred in refusing to give defendant's requested instructions Nos. 1 and 2. Instruction No. 1 in substance provided that if plaintiff knew, or could have ascertained with due care, that the stream was polluted, but notwithstanding permitted his cattle to have access to the water and to drink therefrom, and as a result they died, he cannot recover. Instruction No. 2 was similar and provided in substance that if the jury find that at the time plaintiff leased the lands involved, he knew or could have ascertained that he would suffer losses and damages due to the polluted stream, then he cannot recover. The record discloses, however, that the court gave the requested instruction No. 2 verbatim in its instruction No. 9, and also in its instruction No. 13 instructed the jury on contributory negligence. This is in substance the same instruction as the first one requested by defendant. This court has held that it is not error to refuse to give an instruction that correctly states the law, if substantially the same instruction is embodied in the instructions of the court to the jury, and the instructions, taken as a whole, correctly state the law applicable to the facts in the case. St. Louis & S. F. R. Co. v. Walker (1912) 31 Okla. 494, 122 P. 492; Sallee v. Craddock (1931) 153 Okla. 60, 4 P.2d 1013. It is not necessary to decide whether the court erred in giving any instruction on contributory negligence in this type of case, for the error, if any, would be in favor of the complaining party. Defendant argues, under this proposition, however, that the court should have directed a verdict in favor of the defendant, by reason of the fact that plaintiff knew that the stream was salty when he leased the premises. But, assuming that contributory negligence is properly an issue, this argument is unavailing for the reason that under section 6 of art. 23 of the Oklahoma Constitution, the defense of contributory negligence is, in all cases, a question of fact for the jury.

■ Defendant's fourth contention is that the verdict and judgment are contrary to law and not supported by the evidence. Defendant here reiterates arguments already discussed. It is contended that there was no evidence that the salt water from defendant's wells was the proximate cause of the killing of the cattle. We have heretofore disposed of this contention. It is next contended that, since plaintiff knew that the creek was salty when he leased the premises and permitted his cattle to have access thereto, he cannot recover. Plaintiff's testimony in this regard was that during the two years complained of, he knew when he leased the premises that there was some salt water in the stream, but he thought there was very little and that it was not dangerously polluted. He testified that he took a bottle of water to a veterinarian when his first cow died to have it tested for salt; that he moved the cattle from the pasture and began selling them after they started getting sick and after some commenced dying. The evidence in this regard was conflicting, but we think there was competent evidence reasonably tending to support the verdict of the jury on this issue, as well as on the question of proximate cause, and the judgment will not be disturbed.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.