## ATLANTIC REFINING CO. v. FULSOM.

No. 28822.   May 23, 1939.

Rehearing Denied June 27, 1939.

George L. Sneed, Jr., and T. Austin Gavin, for plaintiff in error.

Dick Jones and William L. Seawell, for defendant in error.

DAVISON, J. This is a civil action for damages to stock alleged to have been occasioned by salt water poisoning. It is presented on appeal from the district court of Okfuskee county, wherein Louis Fulsom, as plaintiff, recovered judgment against the Atlantic Refining Company, a corporation, as defendant, for the sum of $1,612.50 at the conclusion of a trial to the court without the intervention of a jury.

The order of appearance of the parties is reversed in this court, but our continued reference to them will be by their trial court designation.

The defendant challenges the sufficiency of the evidence to support the judgment. It is asserted that "the trial court erred in allowing a recovery upon evidence insufficient to prove a causal connection between the negligence averred and the injury received."

This is an action of legal as distinguished from equitable cognizance. A jury having been waived, the findings of the court are entitled to the same weight and consideration that would be given to a verdict by a jury, and if there is any evidence, including any reasonable inferences, tending to support the findings, this court will not reverse the judgment for insufficiency thereof. New York Life Ins. Co. v. Razzook, 178 Okla. 57, 61 P.2d 686; Foreman v. Needles et al., 78 Okla. 105, 188 P. 1087. Of course, in so far as circumstantial evidence is relied upon, the reasonableness of inferences to be drawn therefrom must be determined by the tests applicable to such evidence. In a civil action the circumstances relied upon must be sufficient to render the fact or conclusion necessary to support a judgment for the plaintiff more probable than one or more other conclusions inconsistent with liability. Wigmore on Evidence (2d Ed.) vol. 1, page 253.

The question of whether the wrong complained of was the proximate cause of the injury sustained, or, in other words, the question of whether there was a causal connection between the wrong and the injury is one of fact, and proof thereof is essential to plaintiff's recovery. Midco Oil Corporation et al. v. Hull, 182 Okla. 21, 75 P.2d 1126. Thus the question is one for the jury or court exercising the functions of a jury where a jury is waived (Palacine Oil Co. v. Philpot, 144 Okla. 123, 289 P. 281) unless the evidence offered is inadequate as a matter of law to satisfy the tests of legal sufficiency, in which case recovery should be denied. Phillips Petro-

leum Co. et al. v. Davis et al., 182 Okla. 397, 77 P.2d 1147.

In view of the foregoing legal concepts, did the plaintiff establish the causal connection essential to recovery? Our answer to this question requires an analysis of the evidence favorable to him. Conflicting evidence must be disregarded and need not be reviewed.

The plaintiff is a stockman. He lives about eleven miles northeast of Okemah, Okla. In 1936, he had about 74 head of pure-blood Hereford cattle. In the fall of that year, in order to pasture the cattle, he put them on a tract of land which had been planted in wheat and winter oats. A watercourse known as Cow creek traversed the tract of land. The water in the creek was the only water available to the stock for drinking purposes. In the winter, the cattle began to suffer noticeably from a disorder, the symptoms of which were described by plaintiff. The plaintiff called a veterinarian, who definitely diagnosed the malady as salt water poisoning. This veterinarian, a man of 30 years' experience in his chosen profession, appeared as a witness for the plaintiff and testified positively that the cattle were suffering from salt water poisoning. This testimony, if accepted (and its acceptance must be presumed), excluded the probability that the malady might be traced to a source other than the drinking of salt water. Soon after the discovery of the malady the cattle were removed from the pasture.

The plaintiff established by numerous witnesses that the water in the creek was salty during the period of time involved in this controversy, although the precise degree of salt saturation was not shown. The plaintiff also traced the source of salt water saturation to oil leases being operated by the defendant company some five miles up the creek. The plaintiff's testimony that salt water was escaping from the leases of the defendant was definite and positive. According to the defendant's own testimony, about 400 barrels of salt water per day was being produced on the leases, which were the only operating oil properties on the Cow creek watershed.

The defendant, in asserting the insufficiency of the plaintiff's evidence, calls our particular attention to the case of Prest-O-Lite Co., Inc., v. Howery, 169 Okla. 408, 37 P.2d 303, wherein the evidence was held insufficient because of failure to establish proximate cause, except by inferences too remote to be of probative value. That cause involved alleged damages to animals and fowls by reason of asserted pollution. The plaintiff in that case neglected to prove either that the polluted water was poisonous or in the alternative that the fowls died as a result of drinking the water. This condition of the proof and its importance was clearly pointed out in the cited case, wherein it was said:

"If it had been proved that at the time the injuries were incurred, there were poisonous or deleterious substances in the water, harmful to animal life, **or if it had been proved that the animals and fowls died as a result of drinking the water, a different** situation would prevail. * * *" (Emphasis ours.)

No such deficiency existed in the proof in the case now before us. Here, definite proof was introduced that the stock was poisoned by drinking the salt water. The Howery Case is not in point. The doctrine respecting an inference upon an inference is not available to defendant in this case. Consider Gypsy Oil Co. v. Ginn et al., 152 Okla. 30, 3 P.2d 714; Masonite Corporation v. Hill (Miss.) 154 So. 295, 95 A. L. R. 157, and annotation at 95 A. L. R. 162.

Situations very similar, though in some respects presenting weaker cases in behalf of the plaintiffs than that presented by the record now before us, were reviewed by this court in Helmerick & Payne, Inc., v. Green, 183 Okla. 164, 80 P.2d 573, and Phillips Petroleum Co. v. Bartmess, 181 Okla. 501, 76 P.2d 352, and the proof therein adduced held sufficient in the face of challenges to its adequacy.

After carefully considering the evidence in this case in the light of the foregoing authorities, we are of the opinion that it is sufficient to establish proximate cause, and so hold.

The defendant also contends that plaintiff's proof failed to sustain the amount of recovery allowed by the judgment. This contention is principally based upon the theory that plaintiff established damage to no more than 32 head of cattle. A careful examination of the record discloses that 42 head of stock were injured, although only 32 head of the injured cattle were examined by the veterinarian, who identified the cause of damage. However, notwithstanding the absence of individual examination of the remaining eleven head, we deem the proof sufficient to establish that they suffered from the same cause as did the 32 examined cattle. The defendant's contention on this point must be denied.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and GIBSON, JJ., concur.